WALKER, Justice, for the Court:
This is an appeal from the Circuit Court of Jones County wherein appellant, Danny Jackson, was convicted of aggravated assault upon a state highway patrolman and sentenced to serve ten years in the custody of the Department of Corrections. Appellant asserts that he cannot be guilty of aggravated assault, alleging the gun which he used was not a deadly weapon and was incapable of inflicting great bodily harm. Miss. Code. Ann. § 97-3-7(2) (Supp.1980).
The facts are undisputed. Highway Patrolman Joe Perry stopped to investigate after noticing appellant was slumped behind the steering wheel of his car on the shoulder of Highway 1-59. Appellant Jackson got out of the vehicle, and Perry asked him to stand at the rear of the car while he talked to the passenger in the vehicle. Perry testified he noticed a maroon shoulder bag and a syringe on the floor of the vehicle which contained a clear liquid. At that time appellant pulled what appeared to be a small calibre revolver from his pocket and fired several shots. Patrolman Perry sought cover behind an embankment on the side of the highway and shot at appellant as he fled into a wooded area. The Jones County Sheriff’s Department subsequently apprehended the appellant who said that he was under the influence of cocaine.
Later that afternoon appellant signed a Miranda waiver form and agreed to go back to the scene of the shooting and search for the gun. At the time of trial the revolver had not been found.
The two investigating officers testified that in response to their question concerning the type of gun used, appellant replied, “Well, it’s just a little old bitty .32 calibre, silver gun. A little bitty thing.”
Appellant, Danny Jackson, testified that he did not recall the conversation with these officers while they were going to look for the gun, but insisted that the gun was a .22 blank starter pistol.
Among other instructions, the jury was charged as follows without objection from either the defendant or the state.
*544 INSTRUCTION NO. S-2
******
If you find from the evidence in this case beyond a reasonable doubt that the defendant, DANNY JACKSON, on or about the 15th day of April, 1980, did wilfully, unlawfully, feloniously, purposely and knowingly attempt to cause serious bodily injury to JOE PERRY, a human being, with a deadly weapon, to-wit: a pistol, while JOE PERRY was acting within the scope of his duty as a law enforcement officer for the Mississippi Highway Safety Patrol, then you shall find the defendant guilty.
If the State has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find the defendant not guilty.
INSTRUCTION NO. 3-D
The Court instructs the jury that if you believe that the Defendant, Danny Jackson, used a weapon that under the circumstances was not capable of inflicting death or serious injury, then you cannot find him guilty of aggravated assault.
INSTRUCTION NO. 12-D
The Court instructs the jury that if you believe the State has failed to prove beyond a reasonable doubt that the weapon used by the Defendant was capable of inflicting great bodily harm, then, in that event, you still may consider the question of whether or not the Defendant is guilty of the lesser included charge of assault on an officer, the elements of which crime are that the Defendant placed the officer in fear of serious bodily harm, by intentionally firing a pistol loaded with blanks known as a starter pistol with the intent to put said officer in fear of imminent serious bodily harm, then you may find the Defendant guilty of assault instead of aggravated assault as charged in the indictment.
After deliberating, the jury returned its verdict of “We, the jury, find the defendant, Danny Jackson, guilty of aggravated assault on an officer.” We cannot say that the verdict is against the overwhelming weight of the evidence. Although the state had the burden of proving beyond a reasonable doubt that the gun was a deadly weapon, this is clearly a fact to be determined by the jury. Shanklin v. State, 290 So.2d 625 (Miss.1974). The testimony and inferences to be drawn therefrom were that the gun looked like a real pistol, sounded like a pistol when fired, and was used in a threatening manner, just as a deadly weapon would be used in similar circumstances. This evidence made out a prima facie case that the pistol was in fact a deadly weapon and therefore capable of inflicting death or serious bodily harm. Further, the appellant, a convicted felon, testified he was aware that it was unlawful for him to carry a deadly weapon, yet as he fled into the woods he threw the pistol away. If it was not a real pistol, he defeated his purpose in carrying a “starter pistol” by not keeping it to show to the officers. At no time prior to trial did appellant state to any police officer that the weapon used was a starter pistol, although appellant contends he related this to his attorney.
Under the facts presented, the jury was warranted in finding that the pistol appellant used was in fact a deadly weapon. The verdict of the jury and sentence of the court are affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.