## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-KA-00991-SCT

*TERRY LEE REDDIX*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/26/96 |
| TRIAL JUDGE: | HON. JAMES W. BACKSTROM |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT JAMES KNOCHEL |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT T. ALLRED, III |
| DISTRICT ATTORNEY: | DALE HARKEY |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 01/14/99 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/8/99 |

**BEFORE SULLIVAN, P.J., MILLS AND WALLER, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Terry Lee Reddix was indicted in the Circuit Court of Jackson County on a charge of committing an aggravated assault on Kevin Bickham in Jackson County on August 23, 1994. A jury found Reddix guilty of aggravated assault on July 23, 1996; and the Circuit Court of Jackson County, Honorable James W. Backstrom, Circuit Court Judge, presiding, sentenced Reddix to a term of four years in the custody of the Mississippi Department of Corrections on July 26, 1996. A motion for new trial was denied. Reddix assigns three errors on this appeal.

¶2. All three issues before this Court challenge the sufficiency of the instructions of law given in this case. First, Reddix complains the jury was not instructed as to the elements of the crime of aggravated assault. Reddix also complains the jury was not instructed as to the lesser included offense of simple assault. Finally, Reddix claims the jury was not instructed it was duty bound to acquit him if it believed he acted in self defense.

## LEGAL ANALYSIS

# 1. WHETHER THE TRIAL COURT ERRED IN FAILING TO INSTRUCT THE JURY REGARDING THE ELEMENTS OF THE CRIME OF AGGRAVATED ASSAULT?

¶3. The State admits there is merit to Reddix's first assignment of error and confesses the judgment of the circuit court should be reversed and this case remanded for a new trial. We agree and find it is "fundamental error" to fail to instruct the jury of the essential elements of a crime. *See Screws v. United States*, 325 U.S. 91, 107 (1945).

¶4. Because it is the State's duty to prove every element of the crime beyond a reasonable doubt, the State also has a duty to make sure the jury is properly instructed with regard to the essential elements of the crime. *Hunter v. State*, 684 So. 2d 625, 635 (Miss. 1996). "It is rudimentary that the jury must be instructed regarding the elements of the crime with which the defendant is charged." *Hunter*, 684 So. 2d at 636. *See Henderson v. State*, 660 So. 2d 220, 222 (Miss.1995); *Neal v. State*, 451 So. 2d 743, 757 (Miss.), *cert. denied*, 469 U.S. 1098 (1984).

¶5. The State offered jury instruction S-1 as its elements instruction and it was granted by the lower court. Jury instruction S-1 reads as follows:

> The Court instructs the Jury that if you believe from the evidence in this case beyond a reasonable doubt that on or about August 23, 1994, in Jackson County, Mississippi, the defendant committed an aggravated assault in and upon the body of Kevin Bickham with a certain deadly weapon, to wit: a shotgun, without provocation, or without threat of great bodily harm to himself, then it will be your sworn duty to find the defendant guilty as charged.

> If the State has failed to meet its burden of proof beyond a reasonable doubt then you shall find the defendant not guilty.

¶6. According to Miss Code Ann. § 97-3-7(2)(b) (Supp. 1998), the elements of aggravated assault with a deadly weapon consist of (1) attempting to cause or purposely or knowingly causing bodily injury; (2) to another; (3) with a deadly weapon or other means likely to produce death or serious bodily harm.

¶7. Instruction S-1 fails to set out the essential elements of the crime of aggravated assault. Instruction S-1 does not instruct the jury that it must find Reddix attempted to cause or purposely or knowingly caused bodily injury to Bickham; it merely employs the language "committed an aggravated assault" but fails to define what constitutes an aggravated assault. And no other jury instruction given by the lower court sets out the elements of aggravated assault.

¶8. We conclude the jury was not instructed as to the essential elements of aggravated assault. Consequently, the jury had no way to determine whether the State had met its burden of proof. Therefore, we reverse the judgment of the circuit court and remand the case for a new trial.

# II. WHETHER THE TRIAL COURT ERRED IN REFUSING TO GRANT DEFENDANT'S LESSER INCLUDED OFFENSE INSTRUCTION?

¶9. On appeal Reddix asserts two theories of defense. First Reddix claims he was justified in shooting Bickham because he acted in self defense. As an alternative theory of defense, Reddix claims he negligently shot the victim thereby constituting simple assault under Miss. Code Ann. § 97-3-7(1)(b)(Supp. 1998). A

criminal defendant has a right to assert alternative theories of defense, even inconsistent alternative theories. *Love v. State*, 441 So. 2d 1353, 1356 (Miss. 1983).

¶10. Reddix submitted two simple assault instructions. Instruction D-4 is an "acquit first" lesser-included-offense instruction. Instruction D-3 is a lesser-included-offense instruction that would allow the jury to consider simple assault as an alternative to aggravated assault. The lower court denied both instructions finding there was no evidentiary basis for a simple assault instruction.

¶11. Reddix argues even though he testified that he shot at Kevin Bickham in self defense, the jury was not required to believe the defendant's testimony. *See Clemons v. State*, 535 So. 2d 1354, 1359 (Miss. 1988)(stating that once the evidence is presented to the jury, the jury may choose to believe some, none or all of the evidence presented at trial), *vacated,* 494 U.S. 738 (1990). Reddix contends the State depended primarily upon the testimony of its two eyewitnesses and the arresting officer to prove Reddix shot Bickham intentionally. Reddix argues that like his own testimony, the jury was not required to believe the testimony of these witnesses. Reddix asserts the jury could have determined the State proved Reddix shot Bickham but failed to prove it was intentional. Reddix claims since the jury had the right not to believe Reddix intentionally shot Bickham, the jury should have been allowed to consider whether or not Reddix negligently shot Bickham.

¶12. The issue is whether there was an evidentiary basis for a simple assault instruction based on the facts of this case. The lower court determined there was no evidentiary basis for a simple assault instruction based upon the negligent injury of another with a deadly weapon. Reddix complains, however, that there is no indication in the record as to what definition of negligence the judge relied upon in making this determination.

¶13. Reddix states there is no definition of negligence as it relates to Miss. Code. Ann. § 97-3-7(1)(b) in the case law of this State. Consequently, Reddix asks this Court to consider the case law defining negligence in the context of a manslaughter charge and claims it is the only guidance available in defining negligence for simple assault. In making his argument, Reddix relies on the case of *Mease v. State*, 539 So. 2d 1324 (Miss. 1989), in which this Court found the act of pointing a loaded gun at another constitutes culpable negligence. *Mease*, 539 So. 2d at 1334. Reddix claims that if the law as set in *Mease* applies then this cause should be reversed because there were facts in evidence that Reddix pointed a loaded gun at Bickham thereby constituting a basis for a simple assault instruction.

¶14. Reddix further claims that if *Mease* does not apply then negligence as it relates to a simple assault charge is undefined and the statute is unconstitutionally vague. Reddix contends that in the absence of a definition of negligence, the lower court's opinion that there was no evidentiary basis for a simple assault instruction was arbitrary. Reddix explains the judge could not have analyzed the evidence for the presence of facts supporting negligence and the defendant could not have argued there were facts constituting negligence without first considering the law defining negligence.

¶15. A lesser-included-offense instruction can be given only if there is an evidentiary basis for it, and such an instruction cannot be given on the basis of speculation. *Collins v. State*, 691 So. 2d 918, 925-26 (Miss. 1997). In the case *sub judice*, the record offers no evidentiary basis to suggest Reddix acted negligently when he shot Bickham. There was no testimony from any witness supporting a finding that Reddix acted negligently when he shot Bickham. In fact, Reddix testified that he deliberately shot Bickham in the legs because he did not wish to kill him. Therefore, the facts of this case are distinguishable from those

in *Mease* where at least some evidence was offered to suggest the pistol may have discharged as a result of the defendant's reflexive action rather than his deliberate design.

¶16. The trial judge correctly ruled the testimony was that Reddix intentionally shot the victim and the only issue was whether Reddix or Bickham shot first. Here, the evidence could only justify a conviction of aggravated assault or an acquittal based on self defense. Therefore, the trial court properly refused Reddix's lesser-included-offense instruction.

### III. WHETHER THE TRIAL COURT ERRED IN REFUSING TO GRANT THE DEFENDANT'S SELF DEFENSE INSTRUCTION OR TO REFORM SAME AS TO REFLECT A COMPLETE STATEMENT OF THE LAW?

¶17. The State's self defense instruction S-2 was given by the lower court. Reddix also submitted a self defense instruction, D-5, but it was refused by the lower court. Judge Backstrom stated that D-5 was an incomplete statement of the law on self defense. The judge reasoned that since the law on self defense was covered sufficiently in instruction S-2, instruction D-5 was not necessary.

¶18. Reddix complains the State's self defense instruction, albeit a correct statement of the law, is incomplete in that it failed to instruct the jury that it was bound to acquit Reddix of aggravated assault if it believed Reddix acted in self defense. The self defense instruction offered by the State explained to the jury that it was bound to find the defendant not guilty if it believed he acted in self defense. There was no instruction given that notified the jury of its duty to acquit the defendant if it believed he acted in self defense. Reddix concludes that since the State's self defense instruction did not notify the jury they were bound to acquit Reddix if they found that he acted in self defense, then the State's instruction did not sufficiently treat the subject of self defense.

¶19. Reddix further argues that where a jury instruction is central to the defendant's case and no other jury instruction treats the subject, then it is reversible error to refuse the offered instruction on the basis that it is "inartfully drawn." *See Thomas v. State*, 278 So. 2d 469, 472-73 (Miss. 1973). Reddix claims he offered a self defense instruction that was central to his case but inartfully drawn. Reddix further claims since his submitted instruction was inadequate, then the trial court is duty bound to reform the tendered instruction or advise defense counsel of the deficiencies and allow counsel a reasonable amount of time to prepare a correct instruction. *See Harper v. State*, 478 So. 2d 1017, 1018 (Miss. 1985).

¶20. We agree. The instruction submitted by the State and given by the lower court in this case is the verbatim self defense instruction recommended to prosecutors by this Court in *Robinson v. State*, 434 So. 2d 206, 207 (Miss. 1983) (criticizing a state instruction and suggesting alternate language for the state), *overruled by Flowers v. State*, 473 So.2d 164 (Miss. 1985) (condemning the instruction previously criticized in *Robinson* and overruling all cases that approved it). This instruction, while fine for the State, is not sufficient as a neutral self defense instruction. It is couched in prosecutorial terms and fails to state that self defense is, in fact, a defense. In other words, the instruction failed to notify the jury it was bound to acquit Reddix if it found that he acted in self defense. Assuming, as we do that juries follow the instructions given to them by the trial court, *Collins v. State*, 594 So. 2d 29, 35 (Miss. 1992), this means the jury could not have acquitted Reddix based upon self defense because it was not informed of any law permitting them to do so.

¶21. Because the tendered instruction did not sufficiently treat the subject of self defense, the lower court

should have either reformed the instruction so as to form a complete statement of the law or advised defense counsel of the deficiency and allowed counsel a reasonable amount of time to prepare a correct instruction. Because neither of these actions were taken, the failure constitutes error and warrants reversal.

## CONCLUSION

¶22. We find the judgment of the circuit court must be reversed and the case remanded for a new trial because the jury was not properly instructed as to the elements of the crime of aggravated assault and it was not sufficiently informed on the law of self defense. However, we find the trial court did not err in refusing to grant the defendant's lesser-included-offense instruction based on the evidence presented at trial. Accordingly, this Court reverses the conviction in the lower court and remands this matter to the lower court for a new trial.

¶23. **REVERSED AND REMANDED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**