823 So.2d 582 (2002)
Stacy Maurice JOHNSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00783-COA.
Court of Appeals of Mississippi.
July 30, 2002.
*583 James N. Potuk, Quitman, attorney for appellant.
Office of the Attorney General by: Billy L. Gore, attorney for appellee.
Before McMILLIN, C.J., MYERS, and CHANDLER, JJ.
MYERS, J., for the court.
¶ 1. Stacy M. Johnson was convicted in the Circuit Court of Clarke County of theft of a motor vehicle. He was sentenced to serve five years in the custody of the Mississippi Department of Corrections with credit for time served prior to trial. Feeling aggrieved of his conviction and sentence, Johnson has perfected this appeal. Johnson's issues regarding denied jury instructions and motion for a new trial are without merit. Therefore, we affirm his conviction and sentence.

FACTS
¶ 2. Stacy Johnson and John Johnson (no relation to the appellant) were present at the sale of a truck to John Johnson on April 26, 1998. John Johnson then registered the truck in Lowndes County, Mississippi. The day before the sale, the owner, Willie Parker, was murdered in his home. When the body was found, it was also discovered that Parker's 1985 Chevrolet pick-up truck was missing. The truck *584 was eventually located in Lowndes County registered to John Johnson.
¶ 3. John Johnson testified that he purchased the automobile from Stacy Johnson for $400. Stacy Johnson alleged that he did not sell the truck to anyone, but the person he was with, whom he claims was in possession of the truck, sold the vehicle. The State presented several different witnesses, many of whom testified that Stacy Johnson was alone when he sold John Johnson the truck.

1. Jury Instructions
¶ 4. The standard of review in evaluating jury instructions is found in Collins v. State, 691 So.2d 918, 922 (Miss. 1997):
In determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found.
Id. (quoting Hickombottom v. State, 409 So.2d 1337, 1339 (Miss.1982)).
¶ 5. Stacy Johnson was arrested for violating Mississippi Code Annotated § 97-17-42 (Supp.2001) which states in pertinent part that, "[a]ny person who shall willfully and without authority take possession of or take away a motor vehicle belonging to another ... shall be guilty of a felony ...." Johnson wants this Court to order a new trial due to the denial of three of his proposed jury instructions, D-3, 4 and 5, and the granting of several of the State's. Proposed Jury Instruction D-5 states:
The Court instructs the jury that in order to find the defendant guilty of motor vehicle theft by taking possession of a motor vehicle, the defendant must have known that the motor vehicle was stolen property when he took possession. If the State of Mississippi has failed to prove beyond a reasonable doubt and to the exclusion of every reasonable hypothesis other than guilt that Stacy M. Johnson knew that the 1985 Chevrolet pickup had been stolen when, and if, he took possession, then you must find him not guilty of motor vehicle theft by taking possession of a motor vehicle.
Jury Instruction C-7 is a clear and concise statement of the law.
The Court instructs the Jury that, should you find from the evidence in this case, beyond a reasonable doubt that:
1. On the 15th day of April and the 26th day of April, 1998 in Clarke County, Mississippi;
2. The Defendant, Stacy Johnson, did willfully and without authority, take possession of or take away a 1985 Chevrolet motor vehicle owned by Willie Parker, Jr.,
then it is your sworn duty to find the Defendant guilty of Motor Vehicle Theft.
Should the State fail to prove any one or more of these essential elements beyond a reasonable doubt, then you shall find the Defendant not guilty.
¶ 6. In his ruling on the matter, the trial court judge found that the State's instruction tracked the statute verbatim and would be granted. Johnson's instruction was contrary to the evidence and a misstatement of the law, as it created a requirement not in the statute. It was properly denied.
¶ 7. Johnson's theory is that there is evidence that his possession of the truck was innocent and that there was no direct evidence contradicting that assertion. The statute does not require guilty knowledge because the taking of the truck is a prohibited act by statute. Richmond v. State, *585 751 So.2d 1038, 1047 (¶¶ 25, 27) (Miss. 1999). To support his theory, Johnson offered two circumstantial evidence instructions, D-3 and 4. However, the judge ruled that both of these instructions, again, were not warranted as the State's case was not wholly built of circumstantial evidence since there were several witnesses presented. D-3 and 4 were properly denied.

2. Motion for new trial
¶ 8. To discern whether a jury verdict is against the overwhelming weight of the evidence, we must "accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." Crawford v. State, 754 So.2d 1211, 1222(¶ 30) (Miss. 2000). In order to mandate a new trial, the verdict must be "so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction `unconscionable injustice.'" Crawford, 754 So.2d at 1222(¶ 30), citing Groseclose v. State, 440 So.2d 297, 300 (Miss.1983); see also Herring v. State, 691 So.2d 948, 957 (Miss. 1997).
¶ 9. Let us address the issue of Stacy Johnson's motion for a new trial which raised the question of whether the verdict was against the overwhelming weight of the evidence. Once the jury has heard all of the evidence and been properly instructed, as illustrated above, the question of the defendant's guilt lies in their hands.
¶ 10. The State introduced evidence showing that Stacy Johnson was in possession of the 1985 Chevrolet in question. On the day of the sale, Johnson left the home of his ex-fiancé, located a half mile away from the Parker's home on foot. She testified that one had to pass Parker's home in order to reach Highway 11, which is the main road. Stacy Johnson gave a statement that he knew the deceased owner, had caught rides with him and knew it was his truck. Three witnesses testified that no other person was in the truck or with Johnson when he sold the truck. One witness testified that Johnson told him the truck was his and tried to sell it to him earlier in the day.
¶ 11. While Johnson did not testify in his own defense, as is his right, he also offered no other witnesses to rebut the prosecution's testimony. The obvious conclusion is that Stacy Johnson knew the truck being sold belonged to another man. In addition, the testimony of others that Stacy Johnson is the person who sold the truck enabled a group of reasonable jurors to make their decision. When the jury is presented conflicting testimony, it is their function to weigh the credibility of the witnesses and the testimony offered. Jackson v. State, 614 So.2d 965, 972 (Miss. 1993).

CONCLUSION
¶ 12. The jury decided that Stacy Johnson took the vehicle of another without authority from the vehicle's owner. The jury found him guilty. If we accept the evidence supporting the verdict as true, then our only recourse is to affirm the verdict as it is not contrary to the overwhelming weight of the evidence and no injustice has been done.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF CLARKE COUNTY OF CONVICTION OF THEFT OF A MOTOR VEHICLE AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH CREDIT FOR TIME SERVED AND FINE OF $2000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLARKE COUNTY.
*586 McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, CHANDLER AND BRANTLEY, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.