873 So.2d 1052 (2004)
Emmanuel Rydell McKINLEY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KA-00518-COA.
Court of Appeals of Mississippi.
May 18, 2004.
Ronald Stephen Wright, Ackerman, attorney for appellant.
Office of the Attorney General by Charles W. Maris, attorneys for appellee.
Before KING, C.J., THOMAS and MYERS, JJ.
KING, C.J., for the Court.
¶ 1. Emmanuel Rydell McKinley was tried and convicted by a Choctaw County Circuit Court jury on four counts of aggravated assault. He was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections on each count, sentences to run consecutively. His post-trial motion for a new trial was denied and this appeal followed. His only allegation of error concerns two of the jury instructions.

FACTS
¶ 2. The facts contained in the following recitation are according to the State's case, as McKinley chose not to put on any evidence and rested following the State's case-in-chief.
¶ 3. McKinley and one of his victims, Carolyn Mosely, were involved in a romantic relationship. On the day of the assault, McKinley, Mosely, Mosely's two children, and Mosely's aunt, Lillian Ledbetter, were at Ledbetter's home preparing for a surprise birthday party for Mosely's mother. At one point during the evening, McKinley asked Mosely to step outside so that he could talk to her. Mosely went with him. During the course of the conversation McKinley asked Mosely for money, when she refused to give him any, he struck her in the mouth with his fist knocking her to the ground. As Mosely was getting up from the ground, Mosely's daughter, Brittany, who was then twelve years old, heard *1053 the commotion and attempted to go to her mother's aid. Mosely told the child to go back into the house. At that moment, McKinley produced a gun and shot Mosely in the left arm knocking her back to the ground. Brittany ran toward her mother, but Mosely shouted for her to run away. As the child turned to run, McKinley fired another gunshot which struck Brittany in the jaw and exited her neck. Nevertheless, the child was able to run to McKinley's mother's nearby trailer home to seek refuge. Mosely, in an attempt to escape further harm from McKinley, ran into a nearby wooded area and hid.
¶ 4. From her hiding place, Mosely saw McKinley leave the area of Ledbetter's home and head in the direction of his mother's trailer home. Growing faint from the loss of blood, Mosely decided to risk going back to her aunt's house. There, she discovered that her son, Demichael and her aunt had both suffered gunshot wounds to the head.
¶ 5. At trial, Lillian Ledbetter testified about McKinley's assault upon her. She testified that shortly after McKinley and Mosely went outside, she heard Brittany say that McKinley had shot her mother. Ledbetter went to see what was happening but by the time she made it outside there was no sign of either Brittany or Mosely. She said that as she turned to go back inside the house she was shot. The injuries to Mosely's son, Demichael left him incompetent to testify about the details of his assault; however, Demichael was determined to be competent to testify as to the identity of his assailant and he identified McKinley as the shooter. Other witnesses testified that McKinley followed Brittany to his mother's trailer home where she had gone to escape him. McKinley's mother pleaded with him not to shoot the child again. All four victims survived the assault. Each, however, sustained serious life threatening and debilitating injuries.
¶ 6. McKinley gave a statement to local law enforcement officials that was recorded on audiotape. A transcript of the statement was admitted into evidence. In the statement he claimed to have been driven to his acts by his love for Mosely, whom he characterized as a drug-dealing, drug-addicted unfit parent who used and took advantage of him. When asked why he shot the children he claimed that they were disrespectful and he was "just mad."
¶ 7. During the course of the assaults McKinley sustained a gunshot wound to his hand. In his statement to authorities he claimed that he shot himself when Mosely "rushed me with the gun." He further claimed that "Brittany, I believe, and [Demichael] started just coming up and beating me in the face, and the gun really went off and accidentally shot Brittany."

ANALYSIS
1. Jury instruction C-4
¶ 8. McKinley contends that jury instruction C-4 did not conform to law. The instruction reads as follows:
The defendant, EMMANUAL [sic] RYDELL McKINLEY, has been charged in a four count indictment with the crimes of Aggravated Assault.
If you believe from all the evidence in this case beyond a reasonable doubt that:
1. the defendant, on or about the 9th day of March, 2002, in Choctaw County, Mississippi, did unlawfully, feloniously, purposely, and knowingly cause bodily injury to Carolyn Mosely,
2. with a deadly weapon, to-wit: a pistol, a means likely to produce death or serious bodily harm, and
*1054 3. the defendant was not acting in necessary self-defense, then you shall find the defendant guilty of Aggravated Assault in Count I of the indictment.
If the State failed to prove any one of the above elements beyond a reasonable doubt, then you shall find the defendant not guilty in Count I of the indictment.
In Count II, if you find from the evidence beyond a reasonable doubt that:
1. On or about March 9, 2002, in Choctaw County, Mississippi, the defendant EMMANUAL [sic] RYDELL McKINLEY, did unlawfully, willfully, feloniously, and purposely or knowingly cause bodily injury to Brittany Nicole Potts,
2. with a deadly weapon, to-wit: a pistol, a means likely to produce death or serious bodily harm, and
3. the defendant was not acting in necessary self-defense, then you shall find the defendant guilty of Aggravated Assault in Count I of the indictment.
If the State failed to prove any one of the above elements beyond a reasonable doubt, then you shall find the defendant not guilty in Count II of the indictment.
In Count III, if you find from the evidence beyond a reasonable doubt that:
1. on or about March 9, 2002, in Choctaw County, Mississippi, the defendant EMMANUAL [sic] RYDELL McKINLEY, did unlawfully, willfully, feloniously, and purposely or knowingly, cause bodily injury to Lillian Ledbetter,
2. with a deadly weapon, to-wit: a pistol, a means likely to produce death or serious bodily harm, then you shall find the defendant guilty of Aggravated Assault in Count III of the indictment.
If the State has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find the defendant not guilty in Count III of the indictment.
In Count IV of the indictment, if you find from the evidence beyond a reasonable doubt that:
1. on or about March 9, 2002, in Choctaw County, Mississippi, the defendant EMMANUAL [sic] RYDELL McKINLEY, did unlawfully, willfully, feloniously, and purposely or knowingly, cause bodily injury to Demichael Sirtemus Potts,
2. with a deadly weapon, to-wit: a pistol, a means likely to produce death or serious bodily harm, then you shall find the defendant guilty of Aggravated Assault in Count III of the indictment.
If the State has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find the defendant not guilty in Count IV of the indictment.
¶ 9. McKinley contends that the absence of language in Counts III and IV instructing the jury to find him not guilty if he was acting in necessary self-defense constitutes reversible error. There was no contemporaneous objection to the instruction at the time that it was given which waives the issue on appeal. Smith v. State, 724 So.2d 280 (¶ 143) (Miss.1998).
¶ 10. Procedural bar notwithstanding, there was no evidence presented at trial that McKinley was acting in self-defense when he shot Ledbetter and Demichael. In his appellate brief, McKinley cites to the claims in his taped statement that "Demichael had been in the house a long time and he knew guns were in the house and he feared Demichael was about to shoot *1055 him," and that Ledbetter was "going towards her room to get a gun," as proof that he acted out of fear for his life. The evidence showed, however, that each of these victims was shot inside the house while the first two victims were shot outside the house. As this Court held in Nolan v. Brantley, 767 So.2d 234 (¶ 16) (Miss.Ct.App.2000), a party is entitled to have his theory of the case presented to the jury by instructions, provided that the evidence supports that theory. Here the evidence clearly did not support McKinley's theory of the case and the instructions that were granted were properly warranted by the evidence. This Court find no error.
2. Jury instruction C-5
Instruction C-5 reads as follows:
The court instructs the jury that to make an assault justifiable on the grounds of self-defense, the danger to the defendant must be either actual, present and urgent, or the defendant must have reasonable grounds to apprehend a design on the part of the victim to kill him or to do him some great bodily harm, and in addition to this he must have reasonable grounds to apprehend that there is imminent danger of such design being accomplished. It is for the jury to determine the reasonableness of the ground upon which the defendant acts.
¶ 11. McKinley claims that the instruction is a verbatim recitation of the instruction that was given in Robinson v. State, 434 So.2d 206 (Miss.1983), and therefore should have, but did not, conform to the dictates of Reddix v. State, 731 So.2d 591 (Miss.1999). The instruction was granted without an objection, therefore, McKinley alleges plain error. Since there was no contemporaneous objection to the instruction at the time that it was given, the issue is waived on appeal. Smith, 724 So.2d at (¶ 143). Procedural bar notwithstanding, this Court will briefly address the issue.
¶ 12. McKinley is correct that the instruction is almost verbatim the instruction in Robinson. However, the basis upon which the Mississippi Supreme Court found error in the Robinson instruction was as follows:
Instruction S-1 fails to set out the essential elements of the crime of aggravated assault. Instruction S-1 does not instruct the jury that it must find Reddix attempted to cause or purposely or knowingly caused bodily injury to Bickham; it merely employs the language "committed an aggravated assault" but fails to define what constitutes an aggravated assault. And no other jury instruction given by the lower court sets out the elements of aggravated assault.

We conclude the jury was not instructed as to the essential elements of aggravated assault. Consequently, the jury had no way to determine whether the State had met its burden of proof. Therefore, we reverse the judgment of the circuit court and remand the case for a new trial.
Reddix, 731 So.2d at (¶¶ 7-8) (emphasis added).
¶ 13. Instruction C-4, quoted above, is clearly not lacking in these essentials. The jury at McKinley's trial was provided more than adequate instruction on the essential elements of aggravated assault. There was no error in the granting of the instruction.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF CHOCTAW COUNTY OF CONVICTION OF FOUR COUNTS OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS ON EACH COUNT, WITH THE SENTENCES TO RUN CONSECUTIVELY, *1056 FOR A TOTAL OF EIGHTY YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CHOCTAW COUNTY.
BRIDGES AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.