909 So.2d 749 (2005)
Shana DAVIS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KA-02551-COA.
Court of Appeals of Mississippi.
August 23, 2005.
*750 Boyd P. Atkinson, Cleveland, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before LEE, P.J., GRIFFIS, an ISHEE, JJ.
ISHEE, J., for the court.
¶ 1. Petitioner was convicted of aggravated assault. Finding no error, we affirm.

STATEMENT OF FACTS
¶ 2. In the early morning hours of March 6, 2003, Jaretta Peggy and Timothy Jones were together in a house in Ruleville, Mississippi. At approximately 5:00 a.m., Shana Davis entered the house and discovered Peggy and Jones together. Davis proceeded to attack Peggy, and during the altercation, Peggy's face was lacerated from her right ear to her jaw line. Following the altercation, Peggy went to the police station in Ruleville in order to press charges against Davis. Officer Trotter took her statement and photographed her wound. Peggy then sought emergency medical treatment at the local hospital; the laceration required approximately twenty stitches to close.
¶ 3. Davis was charged with aggravated assault and tried before a jury in the Sunflower County Circuit Court. At the conclusion of the State's evidence, Davis moved for a directed verdict. The circuit court denied the motion. The jury subsequently returned a guilty verdict. Davis then filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. This motion was also denied. Aggrieved by her conviction, Davis now appeals asserting the following issues: (1) whether the trial court erred in denying Davis's motion for a directed verdict; and (2) whether the trial court committed reversible error in its instructions to the jury.

ISSUES AND ANALYSIS

I. Whether the trial court erred in denying Davis's motion for a directed verdict.
¶ 4. Miss.Code Ann. § 97-3-7(2) (Rev.2000) states that a person is guilty of aggravated assault if he:
(a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or
(b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm ...
¶ 5. Davis maintains that the prosecution failed to prove that she committed aggravated assault. Specifically, Davis argues that she was the victim of an assault by Peggy and that she was acting in self-defense. Davis further argues that no blade was ever offered into evidence, and the only person who testified to seeing Davis use a blade to cut Peggy was Peggy herself. Davis points out that the only other witness at the scene, Jones, testified that he never saw a blade. Davis argues *751 that the record in this case did not contain sufficient, credible evidence offered by the State to justify the submission of the case to the jury, and that as a result, the verdict evidenced bias and prejudice against Davis, and the verdict was based solely upon conjecture and speculation.
¶ 6. The standard of review for a motion for directed verdict is as follows: once the jury has returned a guilty verdict this Court is not at liberty to direct that the defendant be found not guilty unless viewed in the light most favorable to the verdict no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty. Conners v. State, 822 So.2d 290, 293 (¶ 6) (Miss.Ct.App. 2001). When considering the denial of a motion for a directed verdict, the evidence is viewed in the light most favorable to the State, and all evidence supporting a guilty verdict is accepted as true. McClain v. State, 625 So.2d 774, 778 (Miss. 1993). The prosecution must be given the benefit of all reasonable inferences that can be reasonably drawn from the evidence. Id. When determining whether a jury verdict is against the overwhelming weight of the evidence, the reviewing court must accept as true the evidence which supports the verdict and will reverse only when convinced that the trial court has abused its discretion in failing to grant a new trial. Montana v. State, 822 So.2d 954, 967-68 (¶ 61) (Miss.2002). The reviewing court must find that the verdict is against the overwhelming weight of the evidence so that allowing the verdict to stand would sanction an unconscionable injustice. Id.
¶ 7. The record clearly reflects that Peggy testified that she saw a razor in Davis's hand. Davis admitted in her testimony that she fought with Peggy, but stated that she only scratched Peggy with a broken baseball trophy. Jones, who was living with Davis at the time of trial, testified that he saw the two women fighting, but that he did not see when Peggy was cut. The police officer who took Peggy's statement and photographed her face testified that she told him that she was cut by a razor. The police officer further testified that he believed the laceration was made by some sharp object. The emergency room physician who treated Peggy testified that Peggy told him that she had been cut by a razor, and he too testified that he believed that she was cut by a sharp object. Furthermore, the photograph of Peggy's lacerated face was admitted into evidence for the jury to view and consider.
¶ 8. Before proceeding, we are reminded that the jury is the sole judge of the credibility of the witnesses and the weight to be attached to their testimony, and this Court may only reverse when, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair minded jurors could only find the accused not guilty. Alexander v. State, 759 So.2d 411, 421 (¶ 36) (Miss.2000).
¶ 9. In this case, there is record testimony from Davis, Peggy, and Jones establishing an altercation between Davis and Peggy. There is further testimony from Peggy that Davis cut Peggy's face with a razor. This testimony as to the nature of the wound was partially corroborated by the police officer and the emergency room physician. There was documentary evidence presented to the jury further evidencing the nature of the wound. Furthermore, we note that the witnesses were subjected to cross-examination and the defense had every opportunity to present its legal theories of the case. Having acknowledged the jury's province of assessing credibility and weighing the evidence, this Court finds, after affording the prosecution the benefit of all reasonable inferences *752 that can be reasonably drawn from the evidence, and after viewing the evidence which supports the verdict as true, that the trial court appropriately denied Davis's motion for a new trial. We agree that there was sufficient, credible evidence for a reasonable, hypothetical juror to find Davis guilty of aggravated assault.

II. Whether the trial court committed reversible error in its instructions to the jury.
¶ 10. Davis argues that the trial court committed reversible error in three respects regarding its instructions to the jury: the aggravated assault instruction, the self-defense instruction, and the lesser-included offense of simple assault instruction. We will discuss the standard of review and then address each jury instruction in turn.
¶ 11. The standard of review regarding jury instructions is well settled and is as follows: a trial court may refuse an instruction which misstates the law, is fairly addressed in another instruction, or has no evidentiary foundation. Poole v. State, 826 So.2d 1222, 1230 (¶ 27) (Miss. 2002). "In determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found." Johnson v. State, 823 So.2d 582, 584 (¶ 4) (Miss.Ct.App. 2002).

1. Aggravated assault instruction.

¶ 12. Davis argues that the trial court committed reversible error in failing to properly instruct the jury on the law of aggravated assault. Instruction # 3 was given to the jury in this case and reads as follows:
The Court instructs the [j]ury that if you believe from the evidence in this case beyond a reasonable doubt that on the date testified about, the Defendant, SHANA DAVIS, did unlawfully, wilfully and feloniously cause or attempt to cause bodily injury to Jaretta Peggy by cutting her with a razor type instrument, a deadly weapon, then it is your sworn duty to find the Defendant, SHANA DAVIS, guilty as charged.
¶ 13. We note first that Davis is procedurally barred from appellate review of this issue having failed to object to any arguable defect in this instruction in the trial court, and as a result, any objection to this Court is now waived. Bell v. State, 725 So.2d 836, 854 (¶ 54) (Miss.1998). In addition, we find substantively that this instruction, when read in context with all of the other instructions given in this case, does fairly announce the law of aggravated assault. See Miss.Code Ann. § 97-3-7(2); Johnson, 823 So.2d at 584 (¶ 4). The Mississippi Supreme Court has held that aggravated assault must be defined within the instructions. Reddix v. State, 731 So.2d 591, 592 (¶¶ 6-7) (Miss. 1999). In Reddix, the erroneous instruction stated only that the jury must find "that the defendant committed an aggravated assault ... with a certain deadly weapon." Id. That instruction made no attempt to address the mental state required to find a defendant guilty of aggravated assault, nor in any manner did it attempt to instruct the jury on the elements of the crime. Such is not the case here. While Instruction # 3 includes the words "wilfully and feloniously" rather than the statutory language "purposely or knowingly," we find that such a deviation from the statutory language nevertheless fairly announced the requisite mental state for the crime. In Ousley v. State, 154 Miss. 451, 122 So. 731, 732 (Miss.1929), a case involving conviction of a defendant for unlawful possession *753 of "a still for the manufacture of intoxicating liquor," an indictment used the words "willfully, unlawfully and feloniously" rather than the statutory "knowingly." In that case, the Mississippi Supreme Court stated that "knowingly" and "willfully" have substantially the same meaning in criminal statutes. Id. at 732. The Mississippi Supreme Court further stated that "[a] willful act is one that is done knowingly and purposely with the direct object in view of injuring another." Id. at 732 (quoting Hazle v. So. Pac. Co., 173 F. 431 (C.C.Or.1909)) (emphasis added). While Ousley involved an indictment rather than a jury instruction, the definitional aspects nevertheless make clear that the terms "wilfully" and "purposely or knowingly" have substantially the same meanings. We find that the instruction which was given in this case fairly announced the law, and that Davis suffered no injustice.

2. Self-defense instruction.

¶ 14. Davis also maintains that the trial court erred in failing to properly instruct the jury regarding the law of self-defense. See Reddix, 731 So.2d at 594 (¶¶ 19-21). Instruction # 7 was given to the jury in this case and reads as follows:
The Court instructs the jury that if you believe that the defendant in this case acted in necessary self-defense of injury to her person, then you shall find the defendant, SHANA DAVIS, Not Guilty.
¶ 15. As Davis points out, the Reddix court objected to the instruction given in that case because it was "couched in prosecutorial terms and fail[ed] to state that self-defense is, in fact, a defense. In other words, the instruction failed to notify the jury it was bound to acquit Reddix if it found that he acted in self defense." Reddix, 731 So.2d at 594 (¶ 20). Such is not the case regarding the instruction given in this case. The instruction given in this case was clearly straightforward, and was not phrased in obscure, esoteric, prosecutorial language. Furthermore, the instruction unambiguously required the jury to find Davis not guilty if they concluded that she acted in self-defense. The self-defense instruction given in this case reflected the defense's legal argument, fairly announced the law, and this Court finds Davis suffered no injustice.

3. Simple assault instruction.

¶ 16. Finally, Davis argues that the trial court committed reversible error in failing to properly instruct the jury as to the law concerning the lesser-included offense of simple assault. Instruction # 6 was given to the jury in this case and reads as follows:
The Court instructs the jury that if you believe that the State has failed to prove each and every element of the crime of [a]ggravated [a]ssault, then you may continue your deliberations to consider whether or not the defendant in this case, SHANA DAVIS, is guilty of the lesser included offense of [s]imple [a]ssault. If you believe that Shana Davis did unlawfully and willingly attempt to cause or purposefully, knowingly, or recklessly caused bodily injury to Jaretta Peggy; or you believe SHANA DAVIS negligently caused bodily injury to Jaretta Peggy with a deadly weapon or other means likely to produce death or serious bodily harm then you may find her guilty of simple assault.
¶ 17. Our analysis of this issue is two-fold. First, we must consider whether the record facts support the granting of the lesser-included offense of simple assault instruction. Second, if we determine that the instruction was warranted, we must consider whether the instruction correctly stated the law of the case.

*754 A. Factual support for the instruction.

¶ 18. The Mississippi Supreme Court has held that a lesser-included offense instruction should be granted by the trial court if, after taking the evidence in the light most favorable to the accused, and considering all reasonably favorable inferences which may be drawn in favor of the accused from the evidence, no reasonable juror could find the defendant guilty of the lessor-included offense and not guilty of at least one essential element of the principal charge. Hutchinson v. State, 594 So.2d 17, 19 (Miss.1992).
¶ 19. The record reveals that Davis offered testimony which would justify the jury's consideration of a simple assault instruction. Davis testified that Peggy was cut by a broken baseball trophy while they fought, rather than purposefully by Davis with a razor. Furthermore, Davis points out that no deadly weapon was offered into evidence. Taking the evidence in the light most favorable to the accused, and considering all reasonably favorable inferences which may be drawn in favor of the accused from the evidence, the record offers evidence in support of Davis's theory that she did not wilfully cause bodily injury to Peggy with a deadly weapon. Based on Hutchinson, we find that there is evidentiary support for the instruction in the record.

B. Proper instruction.

¶ 20. Having determined that the instruction was warranted, we now turn to consider whether the instruction given correctly stated the law of the case. The Mississippi Supreme Court has discussed the distinction between aggravated assault and simple assault and has made it clear that the simple assault definition in Miss.Code Ann § 97-3-7(1) (Rev.2000) may include a negligent injury. Hutchinson, 594 So.2d at 18.
¶ 21. Returning to the simple assault instruction which was given in this case, one sees that it clearly reflects the definition of simple assault as found in Miss.Code Ann. § 97-3-7(1). Based on the record, this Court concludes that the jury was properly instructed and that the simple assault instruction fairly announced the law of the case. Therefore, this Court affirms the circuit court's decision.
¶ 22. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND THE SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS; SEVEN YEARS TO BE SUSPENDED WITH THREE YEARS OF POST-RELEASE SUPERVISION ARE AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR. IRVING, J., NOT PARTICIPATING.