KITCHENS, Justice,
dissenting:
¶ 17. The majority finds that jury instruction S-2 “did not properly instruct the jury....” Maj. Op. at ¶ 14. Yet, in the same paragraph, the majority opines that “no fair-minded and properly instructed jury could fail to find that Boyd’s knife was a deadly weapon.... ” Id. (emphasis added). Because the trial court’s instructions fell short of apprising the jury of all the *126 essential elements of the crime of aggravated assault, thus failing to put before the jurors the question of whether the instrument wielded by the defendant was, in fact, a deadly weapon — a question entirely within the jury’s province — I respectfully dissent.
¶ 18. In Mississippi, “[i]t is rudimentary that the jury must be instructed regarding the elements of the crime with which the defendant is charged.” Hunter v. State, 684 So.2d 625, 635 (Miss.1996). See Henderson v. State, 660 So.2d 220, 222 (Miss.1995); Neal v. State, 451 So.2d 743, 757 (Miss.1984), cert. denied, 469 U.S. 1098, 105 S.Ct. 607, 83 L.Ed.2d 716 (1984). Thus, it is “ ‘fundamental error’ to fail to instruct the jury of the essential elements of a crime.” Reddix v. State, 731 So.2d 591, 592 (Miss.1999). See Screws v. United States, 325 U.S. 91, 107, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945).
¶ 19. In Reddix, the defendant was convicted of aggravated assault for violation of Mississippi Code Section 97-3-7(2)(b). Reddix, 731 So.2d at 592. At trial, the State offered, and the trial court granted, jury instruction S-l as its elements instruction:
The Court instructs the Jury that if you believe from the evidence in this case beyond a reasonable doubt that on or about August 23, 1994, in Jackson County, Mississippi, the defendant committed an aggravated assault in and upon the body of Kevin Bickham with a certain deadly weapon, to wit: a shotgun, without provocation, or without threat of great bodily harm to himself, then it will be your sworn duty to find the defendant guilty as charged.
If the State has failed to meet its burden of proof beyond a reasonable doubt then you shall find the defendant not guilty.
¶ 20. Notably, on appeal, the State acknowledged that there was merit to Red-dix’s contention that the jury had not been adequately instructed respecting the elements of aggravated assault. On that and other grounds (the trial court’s failure to give an appropriate self-defense instruction), this Court reversed and remanded. The Reddix Court observed that, when the jury is not instructed as to the essential elements of aggravated assault, it has no way to determine whether the State has met its burden of proof. Reddix, 731 So.2d at 593.
¶ 21. Likewise, in this case, the State offered, and the trial court granted, an inadequate elements instruction. That instruction, S-2, is as follows:
The Court instructs the Jury that if you find from the evidence in this case beyond a reasonable doubt that on or about March 29, 2008, James Earl Boyd, did unlawfully, willfully, feloniously, purposely, and knowingly cause bodily injury to Wanda Sherrod with a knife, without authority of law and not in necessary self-defense, then you shall find the defendant guilty as charged.
If the State fails to prove any one or more of the above elements beyond a reasonable doubt, then you should find the defendant not guilty.
Conspicuous by its omission from the jury-instruction is a characterization of the knife as a deadly weapon, despite the fact that this element of the crime was properly pled in the indictment. And, as in Reddix, the lower court gave the jury no other instruction that set out all the elements of aggravated assault.
¶ 22. The majority correctly states “that failure to raise an issue at trial procedurally bars review on appeal....” Maj. Op. at ¶ 1. However, this Court has held that “errors affecting fundamental rights are exceptions to the rule that questions not raised in the trial court cannot be *127 raised for the first time on appeal.” Smith v. State, 477 So.2d 191, 195 (Miss.1985). Additionally, we have held that “[finstruct-ing the jury on every element of the charged crime is so basic to our system of justice that it should be enforced by reversal in every case where inadequate instructions are given, regardless of a failure to object ... at trial.” Shaffer v. State, 740 So.2d 273, 282 (Miss.1998). In Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Supreme Court held that a criminal defendant is indisputably entitled to “a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt.” Apprendi, 530 U.S. at 477, 120 S.Ct. 2348 (citing United States v. Gaudin, 515 U.S. 506, 510, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995)). Where a jury is not instructed on all the essential elements of the crime charged, the defendant is denied his fundamental right to due process. Shaffer, 740 So.2d at 282.
¶ 23. Mississippi’s statutory law on the felony of aggravated assault- is found in Section 97-3-7(2) of the Mississippi Code of 1972. That statute proscribes various kinds of conduct which, if correctly charged and adequately proven, can result in one’s being convicted of aggravated assault. Apropos to this case is Subsection (b) of Section 97-3-7(2), which makes it a serious felony for one to attempt to cause, or purposely or knowingly to cause, bodily injury to another person with a deadly weapon or other means likely to produce death or serious bodily harm. Miss. Code Ann. § 97-3-7(2)(b) (Rev.2006).
¶24. The indictment in the present case contains all of the elements of the crime of aggravated assault, alleging that the accused “... did unlawfully, willfully, and feloniously, purposely and knowingly cause bodily injury to Wanda Sherrod, a human being, with a deadly weapon, to wit, a knife.... ” The majority rightly notes that “... the phrase, ‘with a deadly weapon or means likely to produce death or serious bodily harm’ is an essential element of the statute,” meaning, undoubtedly, an essential element of the offense.[16] (Emphasis added.)
¶ 25. Notwithstanding the evidence that Wanda Sherrod suffered multiple bodily injuries, because the indictment was drawn pursuant to the portion of the aggravated assault statute that proscribes the infliction of injury on another person with a deadly weapon, it was indispensable that the jury pass on this material element of the offense, as charged. A jury cannot be said to have decided something that it was not instructed to decide. If a defendant is not found guilty upon proper instructions that have put before the jury all of the material elements of the offense charged, then we cannot say that he or she has been convicted, even in the face of a guilty verdict. It does not suffice for us to pronounce, as the majority undertakes to do, that “no fair minded and properly instructed jury could fail to find that Boyd’s knife was a deadly weapon.” Though this Court is constitutionally vested with considerable authority, we do not possess the power to fathom what a jury could have found if it had been properly instructed.
¶26. This Court consistently has held that whether an instrument is a deadly *128 weapon is a question of fact to be determined by the jury. Davis v. State, 530 So.2d 694, 702 (Miss.1988); Duckworth v. State, 477 So.2d 935, 938 (Miss.1985); Jackson v. State, 404 So.2d 543, 544 (Miss.1981); Shanklin v. State, 290 So.2d 625, 627 (Miss.1974); Johnson v. State, 230 So.2d 810, 811 (Miss.1970); Cobb v. State, 233 Miss. 54, 101 So.2d 110, 112 (1958); Golden v. State, 223 Miss. 649, 78 So.2d 788, 791 (1955); Gray v. State, 220 Miss. 220, 70 So.2d 524, 525 (1954); Smith v. State, 49 So.2d 244, 245 (Miss.1950); Lott v. State, 130 Miss. 119, 93 So. 481, 481-482 (1922); Saffold v. State, 76 Miss. 258, 24 So. 314, 315 (1898).
¶ 27. Whether a thing is a deadly weapon is not a query that is susceptible of judicial interpretation in the State of Mississippi, unless we are willing and ready to overrule well over a century of jurisprudence to the effect that this is always an issue of fact for determination by the trier of fact, in this case, the jury. Although the term a knife may have an ominous ring to it, and while we may, from our lofty perch on High Street, wisely opine that no one could doubt that the knife at issue in this case is a deadly weapon, such a determination is not within the province of jurists, but of jurors. The jurors who were empaneled to decide the present case were not given that opportunity, no matter how fervently we may believe that we know what they would have decided if only they had been asked. No matter how compelling we may believe the evidence to have been, no matter how graphic the photographs in the record before us may be, the issue of whether the knife allegedly wielded by Boyd should be classified as a deadly weapon was, and continues to be, a question of fact that should have been placed before the jury for the jury’s resolution, not the trial judge’s and not ours.
¶ 28. For the foregoing reasons, I would reverse and remand for a new trial.
GRAVES, P.J., AND CHANDLER, J., JOIN THIS OPINION.

. The Reddix indictment does not, and should not, include the second option provided by this portion of the statute, "or other means likely to produce death or serious bodily harm." Rather, this indictment alleges that the offending instrument was a deadly weapon, and briefly elaborates that it was a knife. This is a sufficient description of the injuring instrument in this case, and is an essential element of the crime as charged.