863 So.2d 63 (2003)
Mario WILLIAMS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-01162-COA.
Court of Appeals of Mississippi.
November 4, 2003.
Rehearing Denied January 13, 2004.
*64 Tommy Wayne Defer, attorney for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before KING, P.J., LEE, IRVING and GRIFFIS, J.J.
LEE, J., for the Court.

PROCEDURAL HISTORY ¶ 1. Mario Williams was convicted of manslaughter by a jury in the Tallahatchie County Circuit Court on June 11, 2002, and sentenced to serve twenty years in the custody of the Mississippi Department of Corrections. Williams now perfects his appeal to this Court, asserting the following issues: (1) the trial court erred in granting the State's jury instruction, S-3, as to the elements of self-defense; (2) his trial counsel was ineffective for failing to object to jury instruction S-3; (3) the trial court erred in denying proposed jury instruction D-1, a peremptory instruction; and (4) the trial court erred in denying his motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. Finding no merit to the issues presented, we affirm.

FACTS
¶ 2. On March 31, 2001, a group of men, including the victim, Richard Redd, also known as Terrel, came to Webb, Mississippi. This group approached Mario Williams, who was on a porch shooting dice with six others. Redd approached Williams about some money which Williams had "beaten out of Redd on another occasion. Redd asked for his money and Williams pulled out some money and threw it to the ground. After Redd picked up the money and began to walk away, Williams drew a gun and fired at Redd. Redd died shortly thereafter from a gunshot wound to the right shoulder. Williams admitted that he shot Redd, but claimed he did so in self-defense.

DISCUSSION OF ISSUES
I. DID THE TRIAL COURT ERR IN GRANTING THE STATE'S JURY INSTRUCTION, S-3, AS TO THE ELEMENTS OF SELF-DEFENSE?
¶ 3. With his first issue, Williams asserts that the State's jury instruction S-3, concerning self-defense, is not appropriate according to Reddix v. State, 731 So.2d 591 (Miss.1999). Williams specifically claims that jury instruction S-3 is an incomplete statement of law because it does not instruct the jury it had an affirmative duty to acquit him if it determined he had acted in self-defense.
¶ 4. We note that Williams made no contemporaneous objection to the granting of this particular instruction. The law is well settled that if no contemporaneous objection is made, the error, if *65 any, is waived. Walker v. State, 671 So.2d 581, 587 (Miss.1995). However, a defendant who fails to make a contemporaneous objection must rely on plain error to raise the assignment on appeal. Foster v. State, 639 So.2d 1263, 1288-89 (Miss.1994). Although Williams admits to his failure to object to the instruction, he contends that the granting of the instruction adversely affected his fundamental right to a fair trial and due process of law and, consequently, that we may address this issue as plain error. Having determined that Williams' claim is barred procedurally, we will nonetheless proceed to determine whether a substantive right was affected and whether that error led to a miscarriage of justice. Gray v. State, 549 So.2d 1316, 1321 (Miss.1989).
¶ 5. In reviewing a challenge to jury instructions, the instructions actually given must be read as a whole. Williams v. State, 803 So.2d 1159(¶ 7) (Miss.2001). When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found. Id. Instruction S-3 stated as follows:
The Court instructs the Jury that to make a Murder justifiable on the grounds of self-defense, the danger to the Defendant must be either actual, present and urgent, or the defendant must have reasonable grounds to apprehend a design on the part of the victim to kill him or to do him some great bodily harm; and, in addition to this, he must have reasonable grounds to apprehend that there is imminent danger of such design being accomplished. It is for the jury to determine the reasonableness of the ground upon which the Defendant acts and whether the Defendant acted in necessary self-defense.
This instruction is the same instruction on self-defense recommended by Robinson v. State, 434 So.2d 206, 207 (Miss.1983) (overruled on other grounds, Flowers v. State, 473 So.2d 164, 165 (Miss.1985)). However, in Reddix v. State, 731 So.2d at 595, the supreme court held that the Robinson instruction did not "sufficiently treat the subject of self-defense" because it failed to alert the jury to its duty to acquit if it believed the theory of self-defense.
¶ 6. Nevertheless, the jury was given instructions in addition to the Robinson instruction on self-defense. The jury was given instruction S-1, which stated:
The Court therefore instructs you the jury that if you find from the evidence in this case, beyond a reasonable doubt, that:
1) On March 31, 2001, the defendant, Mario Williams, did shoot and kill Richard Redd, a human being;
2) Without authority of law and not in necessary self-defense;

* * * *
If the State has failed to prove any one or more of these elements, beyond a reasonable doubt, then you shall find the defendant not guilty.
The jury was also given instruction number 15, which stated:
Manslaughter is the killing of a human being, without malice, in the heat of passion, by the use of a deadly weapon, without authority of law, and not in necessary self-defense.

* * * *
If you find from the evidence in this case beyond a reasonable doubt that Richard Redd was a human being and that the Defendant, Mario Williams, did so shoot and kill Richard Redd without malice, in the heat of passion, by the use of a deadly weapon, without authority of law, and not in necessary self-defense, then you shall find the Defendant guilty of Manslaughter.

*66 If the State has failed to prove any one or more of the elements of manslaughter, beyond a reasonable doubt, then you shall find the Defendant not guilty.
¶ 7. As in Williams and Montana v. State, 822 So.2d 954 (Miss.2002), the Reddix problem is cured by the additional instructions given in the case sub judice. Therefore, we find this issue to be without merit.
¶ 8. Williams also briefly mentions that, since the word "imminent" was underlined in instruction S-3, this was confusing and misleading to the jury, causing the jury to concentrate on one particular word or segment of the instruction rather than the instructions as a whole. Williams claims that this is not permitted and constitutes reversible error. However, the cases cited by Williams to support this argument do not apply to the case sub judice. This instruction is neither inaccurate or confusing, constituting reversible error under Sudduth v. State, 562 So.2d 67, 72 (Miss.1990), nor does the instruction single out or contain comments on specific evidence. See Duckworth v. State, 477 So.2d 935, 938 (Miss.1985).
II. WAS WILLIAMS' TRIAL COUNSEL INEFFECTIVE FOR FAILURE TO OBJECT TO JURY INSTRUCTION S-3?
¶ 9. In his next issue, Williams claims that his trial counsel was ineffective for failing to object to jury instruction S-3. Williams contends that, in light of Reddix, the failure of counsel to object to this instruction adversely affected his right to due process of law and a fundamentally fair trial. We look to our standard of review concerning claims of ineffective assistance of counsel. While looking to the totality of the circumstances, we must determine whether Williams proved his counsel's performance was deficient and whether this deficiency resulted in prejudice to Williams. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We must discover if any of the purported errors were "outside the range of professionally competent assistance." Id. at 690, 104 S.Ct. 2052.
¶ 10. We cannot find that Williams' trial counsel was ineffective, especially in determining that there was no error with regards to the jury instructions. Furthermore, Williams has neither proven that his counsel's performance was deficient nor that, if there was a deficiency, prejudice resulted. We do not find that the failure to object was outside the range of professionally competent assistance, thus this issue is without merit.
III. DID THE TRIAL COURT ERR IN DENYING WILLIAMS' REQUEST FOR A PEREMPTORY INSTRUCTION?
¶ 11. In his third issue, Williams contends that the trial court erred in denying his request for a peremptory instruction. Williams argues that there was an evidentiary basis to grant a peremptory instruction. We look to our standard of review concerning peremptory instructions:
The standard of review for peremptory instructions and directed verdicts are the same. In passing upon a request for a peremptory instruction, all evidence introduced by the State is to be accepted as true, together with any reasonable inferences that can be drawn from that evidence, and if sufficient evidence to support a verdict of guilty exists, the motion for a directed verdict is to be overruled.
Wall v. State, 718 So.2d 1107(¶ 15) (Miss. 1998). Mississippi law is clear on the subject of peremptory instructions in criminal cases: "peremptory instructions should be *67 refused if there is enough evidence to support a verdict." Warn v. State, 349 So.2d 1055, 1055 (Miss.1977). See also Hicks v. State, 580 So.2d 1302, 1304 (Miss.1991); Benson v. State, 551 So.2d 188, 193 (Miss. 1989). The court will reverse only when reasonable and fair-minded jurors could only find the accused not guilty. Wetz v. State, 503 So.2d 803, 808 (Miss.1987).
¶ 12. Reviewing the evidence in this case, we find that there was enough evidence to support the verdict. Although Williams admitted to shooting Redd, there were inconsistencies between the testimony of the State's witnesses and the defense witnesses. The witnesses for the State testified that they did not see Redd with a weapon, that Redd demanded his money and Williams then threw it down, and that Williams shot Redd after Redd picked up the money and was walking away. The defense witnesses testified that Redd was in possession of a gun. Williams testified that Redd was pointing the gun at him as he attempted to leave, that he heard shots, and that he shot at Redd in order to protect himself. The jury obviously found the State's witnesses to be more credible than the defense witnesses. We note the well-settled law that it is within the discretion of the jury to accept or reject testimony by a witness, and the jury "may give consideration to all inferences flowing from the testimony." Mangum v. State, 762 So.2d 337(¶ 12) (Miss.2000) (quoting Grooms v. State, 357 So.2d 292, 295 (Miss. 1978)). It is also within the jury's province to determine the weight and credibility of the evidence. Wetz, 503 So.2d at 808. We cannot find that the trial court erred in refusing to give the peremptory instruction.
IV. DID THE TRIAL COURT ERR IN DENYING WILLIAMS' MOTION FOR A JNOV OR, IN THE ALTERNATIVE, A NEW TRIAL?
¶ 13. In his last issue, Williams argues that the trial court erred in denying his motion for a JNOV or, in the alternative, a new trial. Specifically, Williams briefly argues that the verdict was not supported by sufficient evidence and that the verdict was against the overwhelming weight of the evidence. As Williams addresses both the sufficiency of the evidence and the weight of the evidence, we will discuss each separately.
a. Sufficiency of the evidence
¶ 14. For the sufficiency of the evidence we look to our standard of review:
[T]he sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with [the defendant's] guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. We reverse when, with respect to an element of the offense charged, the evidence is such that reasonable and fair-minded jurors could only find the accused not guilty.
Muscolino v. State, 803 So.2d 1240 (¶ 10) (Miss.Ct.App.2002) (citations omitted). In his argument, Williams incorporates his previous arguments as reasons why the evidence was insufficient to convict him. Basically, Williams argues that since he claims to have shot Redd in self-defense, then that is sufficient evidence for the jury to find him innocent of the charges. However, in accepting as true the credible evidence consistent with Williams' guilt, we cannot find that the evidence is such that reasonable and fair-minded jurors could only find the accused not guilty.
*68 b. Overwhelming weight of the evidence
¶ 15. We look to our standard of review in determining whether the jury verdict was against the overwhelming weight of the evidence:
[T]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal. As such, if the verdict is against the overwhelming weight of the evidence, then a new trial is proper.
Baker v. State, 802 So.2d 77(¶ 14) (Miss. 2001). In claiming that the verdict of guilty of manslaughter was against the overwhelming weight of the evidence, Williams again relies on his version of the event, in which Redd had a gun and fired first. However, we cannot find that the trial court has abused its discretion in failing to grant a new trial. Furthermore, we cannot find that to let the verdict stand would sanction an unconscionable injustice. Thus, we find this issue to be without merit.
¶ 16. THE JUDGMENT OF THE TALLAHATCHIE COUNTY CIRCUIT COURT OF CONVICTION OF MANSLAUGHTER AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO TALLAHATCHIE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.