907 So.2d 385 (2005)
Michael HAYES, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KA-01577-COA.
Court of Appeals of Mississippi.
February 8, 2005.
Rehearing Denied April 19, 2005.
Certiorari Denied July 21, 2005.
*386 Raymond L. Wong, Cleveland, attorney for appellant.
Office of the Attorney General, by Jeffrey A. Klingfuss, attorneys for appellee.
Before LEE, IRVING and GRIFFIS, JJ.
IRVING, J., for the Court.
¶ 1. A Bolivar County jury found Michael Hayes guilty of murder and of being a felon in the possession of a firearm. Hayes was sentenced to a term of life imprisonment for the murder conviction and three years for the felon in the possession of a firearm conviction. Both sentences were to run concurrently. Hayes filed a motion for a JNOV or, in the alternative, a motion for a new trial. The motion was denied, resulting in this appeal in which Hayes asserts a single issue: the trial court committed error in denying the Appellant's motion for directed verdict because the prosecution failed to prove its case against the Appellant, and the verdict was against the overwhelming weight of the evidence.

FACTS
¶ 2. On August 23, 2002, Michael Hayes and Leroy Richardson got into a fight in Byrd's Trailer Park in Cleveland, Mississippi. Hayes's companions were teasing Richardson about his hair being nappy. Richardson drew a firearm and beat Hayes on the head with the firearm. This fight was stopped by A.D. Shavers who had witnessed Hayes and Richardson fighting from across the street. After Shavers stopped the fight, things were fine. However, later on that day, Richardson and Hayes saw each other again, and Hayes shot Richardson four times. Apparently, there were no eyewitnesses to the shooting. The prosecution and the defense have different versions of what happened during the interim between the fight and the shooting.
¶ 3. The prosecution's version is that later on during the night of August 23, Hayes got his mother's gun in order to get even with Richardson. He showed the gun to his friends and stated that he would get even with Richardson. The prosecution alleges that Hayes confronted Richardson one last time and killed Richardson by shooting him four times.
¶ 4. The defense's version is that after Shavers broke up the fight, Richardson told Hayes that he would blow Hayes's m_____f_____ brains out. After Shavers talked to Richardson, things cooled off and Shavers left. Hayes then went to the house of his sister, Louise Coleman, who lived in Byrd's Trailer Park. Sheila Johnson, another sister of Hayes, picked up Hayes and Louise and took them to her house in Renova, Mississippi. Hayes contends that he had gotten the gun from his mother's house three days earlier and that he left the gun at Louise's trailer in Byrd's Trailer Park. Hayes stated that he walked back to Byrd's Trailer Park from Renova and got the gun from under the couch at *387 Louise's house. He said it took him approximately forty-five minutes to walk from Renova to Louise's house in Byrd's Trailer Park. He stayed at the house approximately five minutes before leaving with the gun. Hayes first testified that he got the gun because Richardson had a pistol and Richardson had stated that Richardson would kill Hayes, but Hayes immediately contradicted himself and said that he got the gun to take it back to his mother's house.
¶ 5. Hayes testified that after he left Louise's house, he walked past Richardson's house. Richardson saw Hayes and stated, "Michael, come here, what I tell you. Didn't I tell you don't come back over here no more?" Then Richardson pointed at Hayes with his left hand. Richardson then "dropped his left hand and motioned with his right hand like he was bringing his right hand up." At that point Hayes, fearing for his life, shot Richardson.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. "The standard of review for a denial of a judgment notwithstanding the verdict and a directed verdict is identical." Wilkerson v. State, 731 So.2d 1173, 1182(¶ 33) (Miss.1999).
[T]he sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with [the defendant's] guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence.... We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
Beard v. State, 837 So.2d 235, 239(¶ 20) (Miss.Ct.App.2003) (citing Wash v. State, 790 So.2d 856 (¶ 19) (Miss.Ct.App.2001))
¶ 7. Hayes argues that he acted in self-defense and that his version of the events of the shooting were not contradicted in material particulars by the prosecution. Therefore, his version of the events must be accepted as true. Hayes cites the following statement from Barclay v. State, 43 So.2d 213, 215 (Miss.1949) in support of his contention:
[W]here the defendant is the only surviving eyewitness to a homicide, his version of the killing must be accepted as true if it be reasonable and not substantially contradicted in material particulars by the physical facts or by the facts or common knowledge, and the prosecution does not meet the burden placed upon it by law in contradicting defendant's version in mere matters of detail which do not go to the controlling substance.
¶ 8. Barclay is distinguishable from the instant case. In Barclay, the appellants were two sisters who were jointly indicted, convicted, and sentenced to the penitentiary for life for the murder of Odis Barclay, husband of one of the appellants. Every physical object that the police found and every physical fact disclosed by the investigation corroborated the appellants' version of the shooting, and the appellants' version of the details of the shooting did not conflict in any material respect with the testimony that they gave during the trial. Id.
¶ 9. In the case at bar it cannot be said that Hayes's version of the shooting is not "substantially contradicted in material particulars by the physical facts or by the facts." First, Dr. Steven Haynes, who performed an autopsy on Richardson's *388 body testified that the shooter had to be standing at almost a ninety degree angle from Richardson. This was contrary to Hayes's testimony which implicitly placed him and Richardson face to face. According to Dr. Haynes, four bullets struck Richardson's body. One bullet struck Richardson in the lower, left midlateral back on the far left side. Another bullet struck Richardson on the shin. A third bullet wound was located over the back of Richardson's left arm. A fourth bullet wound was located just beneath the third bullet wound. The bullet causing the fourth wound existed the front of the left arm and then struck Richardson in the back.
¶ 10. Charles Coleman, one of the State's witnesses, testified that Hayes came to his house and told him about the fight with Richardson. Coleman also testified that Hayes was angry about the fight with Richardson and was waving a gun around threatening to get even with Richardson.
¶ 11. Hayes himself gave contradictory testimony. For example, on direct examination, he testified that he walked from Renova to Byrd's Trailer Park and retrieved the murder weapon, but on cross-examination, he denied having said that he walked from Renova to Byrd's Trailer Park. He repeatedly denied making several statements that he had just made on direct examination. He also admitted during cross-examination that he lied when he was interrogated by the police. Thus, Hayes's contention, that his version of the event must be accepted as true, finds no support in our jurisprudence. The facts do not bring this case within the scope of the pronouncement in Barclay.
¶ 12. Hayes next contends that the verdict was against the overwhelming weight of the evidence. Hayes maintains that the State's case against him lacked the quality and weight of evidence required by law to prove guilt beyond a reasonable doubt and that there was not sufficient evidence in this case to justify the submission of the case to a jury. The State counters that there was ample, legally sufficient evidence of such weight and credibility to support the verdicts of guilty. We agree with the State.
¶ 13. The State produced witnesses who testified that Hayes had a gun in his possession before the shooting and that Hayes was angry and desired to get even with Richardson. In the instant case the jury heard Hayes's testimony, inconsistencies and all, and did not believe that Hayes possessed a reasonable apprehension of great bodily harm at the hands of Richardson which would justify the shooting in self-defense. It is the jury's duty to determine the reasonableness of the ground upon which the defendant acts and whether the defendant acted in self-defense. Williams v. State, 863 So.2d 63, 65(¶ 5) (Miss.Ct.App.2003).
¶ 14. The trial judge properly denied Hayes's motion for a JNOV or, in the alternative, for a new trial. On this record it cannot be said that reasonable and fair-minded persons could only find Hayes not guilty or that allowing the verdict to stand will sanction an unconscionable injustice.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY OF CONVICTION OF COUNT I: MURDER, AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND COUNT II: FELON IN POSSESSION OF A FIREARM, AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THE SENTENCE IN COUNT II TO RUN CONCURRENTLY *389 WITH THE SENTENCE IN COUNT I AND CONSECUTIVELY TO ANY SENTENCE PREVIOUSLY IMPOSED, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES, ISHEE, JJ., CONCUR. KING, C.J., NOT PARTICIPATING.