# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-00625-COA

**STANLEY ROSS STRICKLAND A/K/A**                 **APPELLANT**
**STANLEY STRICKLAND**

**v.**

**STATE OF MISSISSIPPI**                                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/19/2015 |
| TRIAL JUDGE: | HON. VERNON R. COTTEN |
| COURT FROM WHICH APPEALED: | NESHOBA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | EDMUND J. PHILLIPS JR. |
| | JAMES EDWIN SMITH III |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LAURA HOGAN TEDDER |
| | JASON L. DAVIS |
| DISTRICT ATTORNEY: | MARK SHELDON DUNCAN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF TWO COUNTS OF STATUTORY RAPE AND SENTENCED ON EACH COUNT TO THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THE SENTENCES TO RUN CONSECUTIVELY FOR A TOTAL OF SIXTY YEARS TO SERVE, WITHOUT ELIGIBILITY FOR PAROLE |
| DISPOSITION: | AFFIRMED – 04/04/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., GREENLEE AND WESTBROOKS, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     Stanley Ross Strickland was convicted in the Circuit Court of Neshoba County of two

counts of statutory rape. Strickland was convicted of having sex with his underage biological

daughter on at least two separate occasions. He was sentenced on each count to thirty years in the custody of the Mississippi Department of Corrections, with the sentences to run consecutively for a total of sixty years. Strickland timely filed a motion for a new trial, which the court denied. He appeals and, finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     S.T.[1] had been in and out of foster homes; however, in April 2012, S.T. lived with her mother and siblings in a double-wide mobile home. On April 7, 2012, S.T. had an unsupervised visit with Strickland at his residence. That night, Strickland watched pornographic movies with S.T. and inappropriately touched her. Later that night, Strickland engaged in sexual intercourse with S.T. After the sexual intercourse ended, S.T. went in the living room and watched television with her sister, M.T., Strickland's other biological daughter. S.T. did not have her cellular phone during this visit and did not notify her mother. Strickland took S.T. and M.T. home the next day and picked them up again later that evening.

¶3.     On the evening of April 8, 2012, S.T. took a shower at Strickland's home while Strickland observed her through a window. Following her shower, S.T. sat on the couch in the living room while M.T. showered. Once M.T. finished, Strickland took S.T. into his bedroom and forced her to smoke marijuana and drink alcohol with him. They engaged in sexual intercourse soon after. During both sexual encounters, Strickland wore a condom. Strickland told S.T. to refrain from discussing their sexual encounters with others, because

---

[1] To protect the minor victims' identities, we have used their initials.

2

he would kill her if she did. She complied, until her mother, Luna Stafford, discovered inappropriate text messages between Strickland and S.T. Upon her discovery, Stafford resumed the inappropriate conversation with Strickland, posing as S.T.

¶4. During these text-message conversations, Strickland alluded to the sexual encounters he had with his underage daughter, S.T., and how he wanted to engage in sexual intercourse with her again. When Stafford, acting as S.T., indicated that she did not want to continue their sexual relationship (because of kinship), Strickland resorted to manipulation and bribery to coax S.T. into having sexual intercourse with him again. Strickland offered cell-phone minutes and money, and alluded to entertaining suicidal thoughts as a form of manipulation. Another form of manipulation included stating that he had engaged in sexual intercourse with his younger daughter, M.T. In an attempt to make S.T. jealous, Strickland sent a picture message of two frogs copulating, purportedly sent by M.T. to Strickland. Strickland indicated that after having sex with S.T., he no longer wanted a sexual relationship with his younger daughter, M.T.

¶5. Stafford took the text messages to her local sheriff's department, and Strickland was arrested and indicted shortly thereafter. After trial, Strickland was convicted of two counts of statutory rape and sentenced on each count to thirty years in the custody of the Mississippi Department of Corrections, with the sentences to run consecutively for a total of sixty years to serve. On appeal, Strickland contends the State did not prove beyond a reasonable doubt that Strickland committed statutory rape against a minor. Finding no merit to the issues, we affirm Strickland's conviction and sentence.

**STANDARD OF REVIEW**

¶6. The standards of review are the same for denials of motions for judgments notwithstanding the verdict and motions for directed verdicts. *Singleton v. State*, 948 So. 2d 465, 472 (¶16) (Miss. Ct. App. 2007) (citation omitted). Both motions "challenge the legal sufficiency of the evidence presented at trial." *Id*.

**DISCUSSION**

I. **Whether the court erred in overruling Strickland's motion for a directed verdict.**

¶7. When reviewing the denial of a motion for a directed verdict, this Court shall "accept as true all the evidence favorable to the State, together with reasonable inferences arising therefrom, [and] disregard the evidence favorable to the defendant; if such evidence would support a verdict of guilty beyond a reasonable doubt, the trial court's denial of the motion must be affirmed." *Id*. However, this Court does not inquire "whether it is satisfied that the evidence presented at trial established that the defendant was guilty beyond a reasonable doubt." *Id*. "This Court may only discharge the defendant when we conclude, based on the evidence viewed in [the] light most favorable to the [State], that no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty." *Id*. Mississippi Code Annotated section 97-3-65(1)(a) (Rev. 2014) states, "The crime of statutory rape is committed when: (a) Any person seventeen (17) years of age or older has sexual intercourse with a child who: (i) is at least fourteen (14) but under sixteen (16) years of age; (ii) is thirty-six (36) or more months younger than the person; and (iii) is not the person's spouse."

¶8. During the time the sexual intercourse took place, the victim was fifteen years old.

Strickland was thirty-eight years old at that time. He is the biological father of the victim. Strickland argues the statements made in court by S.T. were false, because the wrong dates were presented in the original indictment. However, the dates when the sexual intercourse took place were later substantiated by the text messages between Strickland and the person whom Strickland believed to be S.T. A Department of Human Services investigator testified she was called to investigate an allegation of sexual abuse regarding another one of Strickland's daughters. The investigator stated that the daughter also reported allegations of sexual abuse by Strickland. Also, S.T.'s mother continued the text-message conversation with Strickland only after she found the inappropriate text messages between Strickland and S.T. The investigator and a deputy sheriff testified that the messages were sent from a phone with the same number as Strickland.

¶9. We find the State proved beyond a reasonable doubt that Strickland committed statutory rape when he engaged in sexual intercourse with S.T. Therefore, the trial court did not err in denying Strickland's motion for a directed verdict.

> **II. Whether the trial court erred in denying Strickland's request for a peremptory instruction.**

¶10. The standards of review for peremptory instructions and directed verdicts are the same. *Williams v. State*, 863 So. 2d 63, 66-67 (¶11) (Miss. Ct. App. 2003) (citations omitted). "In passing upon a request for a peremptory instruction, all evidence introduced by the State is to be accepted as true, together with any reasonable inferences that can be drawn from that evidence, and if sufficient evidence to support a verdict of guilty exists, the [request] for a [peremptory instruction] is to be overruled." *Id.* at 66 (¶11). "Mississippi law

is clear on the subject of peremptory instructions in criminal cases: peremptory instructions should be refused if there is enough evidence to support a verdict." *Id*. at 67 (¶15). This Court "will reverse only when reasonable and fair-minded jurors could only find the accused not guilty." *Id*.

¶11. Strickland argues that there was an evidentiary basis to grant a peremptory instruction. We disagree. In reviewing the record, we find the evidence supports the verdict. Although there were inconsistencies with S.T.'s testimony regarding the time frame in which the sexual intercourse took place, the text messages from Strickland and the time stamp of the text messages substantiate S.T.'s claim as to when the sexual intercourse took place. An investigator from the Department of Human Services testified S.T. made a claim that she and Strickland engaged in sexual intercourse on more than one occasion. This Court notes "the well-settled law that it is within the discretion of the jury to accept or reject testimony by a witness, and the jury may give consideration to all inferences flowing from the testimony." *Id*. at (¶12) (citation and quotation marks omitted). "It is also within the jury's province to determine the weight and credibility of the evidence." *Id*. Therefore, this Court finds no error in the circuit court denying Strickland's request for a peremptory instruction.

### III. Whether the trial court erred in denying Strickland's motion for a new trial.

¶12. "As distinguished from a JNOV [motion], a motion for a new trial asks to vacate the judgment on grounds related to the weight, not sufficiency, of the evidence." *Singleton*, 948 So. 2d at 473 (¶20) (citation omitted). "The appropriate standard of review of a denial of a new trial or a claim that a conviction was against the overwhelming weight of the

6

evidence" requires the reviewing court to "accept as true the evidence which supports the verdict and [to] reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." *Id*. "A new trial will not be ordered unless the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an 'unconscionable injustice.'" *Id*.

¶13. After a careful review of the evidence and the record, we find the trial court did not abuse its discretion in denying Strickland's request for a new trial, as the verdict is not so contrary to the weight of the evidence as to constitute an unconscionable injustice.

¶14. **THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBA COUNTY OF CONVICTION OF TWO COUNTS OF STATUTORY RAPE AND SENTENCE ON EACH COUNT OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THE SENTENCES TO RUN CONSECUTIVELY FOR A TOTAL OF SIXTY YEARS TO SERVE, WITHOUT ELIGIBILITY FOR PAROLE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NESHOBA COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR.**