928 So.2d 192 (2006)
Charles L. CLARK, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KA-02611-COA.
Court of Appeals of Mississippi.
February 21, 2006.
Certiorari Denied May 4, 2006.
*193 Thomas M. Fortner, Jackson, Lynn Watkins, attorneys for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
EN BANC.
GRIFFIS, J., for the Court.
¶ 1. The Appellant's motion for rehearing is denied. However, the previous opinion of this Court is withdrawn and this opinion is substituted.
¶ 2. Charles Clark was convicted of aggravated assault with weapon in the Circuit Court of Hinds County. He was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections. On appeal, Clark contends that: (1) the trial court erred by admitting the second knife into evidence, (2) the trial court erred in granting the motion in limine barring any mention of the civil suit pending between David Woodruff, the victim, and Gateway Rescue Mission, (3) the trial court erred in excluding Clark's testimony regarding his fears of Durham and Woodruff, and (4) the trial court erred in refusing jury instruction D-9. We find no error and affirm.

FACTS
¶ 3. Gateway Rescue Mission was home to David B. Woodruff, Tom Durham, and Charles Clark. The three men were employees as well as residents. However, during the trial, their relationship was consistently described as "hostile" and "difficult."
¶ 4. On July 3, 2002, Durham informed Woodruff that Clark had urinated in the sink. Woodruff confronted Clark about the reported conduct. After this warning, the parties' stories are inconsistent. Clark testified that Woodruff and Durham came to his room yelling and threatening to physically harm him. Woodruff testified that such threats were never made. Rather, it was Woodruff's testimony that he merely admonished Clark and reprimanded him for his behavior.
*194 ¶ 5. After the confrontation, it is undisputed that Woodruff left Clark and went into the lounge where he sat talking and smoking a cigarette with Joseph Evans. Clark took a knife from his room and proceeded to the lounge. Clark entered the lounge and attacked Woodruff. Clark stabbed Woodruff once in the abdomen and once in the leg. Ted Downing distracted Clark by throwing a milk carton at him allowing Woodruff time to escape. Clark then dropped the knife and ran out of the building. He went to a nearby building that Gateway used to house transients and remained there until police arrived. When the police arrived, they found Clark sitting with a knife in his hand. Police talked to Clark for approximately five minutes until Clark surrendered the knife. Clark surrendered without further incident and was arrested.

STANDARD OF REVIEW
¶ 6. The standard of review for denial of a motion for directed verdict or for judgment notwithstanding the verdict is the same. Alford v. State, 656 So.2d 1186, 1189 (Miss.1995). Once the jury has returned a guilty verdict, neither the trial court nor this Court is at liberty to direct that the defendant be found not guilty unless, viewed in the light most favorable to the verdict, no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty. Conners v. State, 822 So.2d 290, 293(¶ 6) (Miss.Ct.App. 2001). This Court must consider as true all evidence consistent with the defendant's guilt, and the State must be given the benefit of all favorable inferences. McClain v. State, 625 So.2d 774, 778 (Miss. 1993). It is not for this Court to pass on the credibility of witnesses, and where the evidence justifies the verdict, it must be accepted as having been found worthy of belief. Grooms v. State, 357 So.2d 292, 295 (Miss.1978). Under this standard of review, we look at the evidence presented at trial that favors the guilty verdict.

ANALYSIS

I. Whether the trial court erred by admitting the second knife into evidence.
¶ 7. Clark's first assignment of error is that the trial court erred by admitting a second knife into evidence. The second knife was admitted into evidence as Exhibit 5. Clark makes two similar arguments. First, he argues that the prosecution did not "connect the dots." He contends that the testimony did not establish that the second knife was involved in the assault on Woodruff. Next, he argues that the knife was not relevant, but rather unduly prejudicial, and the knife should have been excluded. Clark does not specify how he was prejudiced by the knife's admission, but makes a general assertion that it was not relevant.
¶ 8. Relevancy and admissibility of evidence are largely within the discretion of the trial court, and this Court will reverse only where that discretion has been abused. Burt v. State, 493 So.2d 1325, 1326 (Miss.1986). "Relevant evidence" is broadly defined in favor of admissibility. "If the evidence has any probative value at all, the rule favors its admission." M.R.E. 401, cmt.
¶ 9. The record proves that the second knife was indeed relevant. Durham testified that after Clark stabbed Woodruff with the butcher knife, Clark tried to stab him with a different knife. Officer Robinson's testimony also referred to the second knife. The police found Clark with the second knife in his hands. During his testimony, Clark said the following about the second knife (Exhibit 5):

*195 Q. So you admit that Exhibit 5, the knife that was found on your person, this was your knife?
A. That's the knife.
Q. Why did you have a knife?
A. Why did I have a knife.
Q. Why did you have a big ol' butcher knife stuck in your pants or whereever it was?
A. I didn't have it stuck in my pants.
Q. Or in your hand. Why did you have it in your hand when the police officer came over to arrest you?
A. Why did I have it in my hand?
Q. Why did you have it in your hands?
A. Because that's the knife I had.
Q. That you just stabbed a man with?
A. That's the knife I had, but I didn't have that other one.
Q. Well, my question was why did you have that knife?
A. Say again.
Q. Why did you have the knife in your hands on July 3rd, 2002?
A. Because that's the knife  that's the knife I used to stab him with.
Based on Clark's own testimony, the admission of the second knife (Exhibit 5) was relevant. We find that the trial court did not abuse its discretion. Therefore, this issue is without merit.

II. Whether the trial court erred in granting the motion in limine barring any mention of the civil suit pending between David Woodruff, the victim, and Gateway Rescue Mission.
¶ 10. Clark argues that it was error for the trial court to exclude testimony regarding the pending civil suit between Woodruff and Gateway. Clark maintains that had such evidence been allowed the bias and animosity of Woodruff towards Clark would have been proven and would support Clark's self-defense theory.
¶ 11. Clark fails to specify how such bias would have been proven and how such evidence was relevant. Accordingly, given the trial court's broad discretion reviewing evidence, we fail to find error or abuse of discretion by the trial court. Baldwin v. State, 784 So.2d 148, 160(¶ 46) (Miss.2001). Before ruling on the motion, the trial court heard testimony regarding the civil suit and found such testimony to be irrelevant. Rather, the trial court found the evidence to be more prejudicial than probative. Even at trial, Clark's counsel did not offer a proffer detailing how such evidence would be relevant to Clark's defense.
¶ 12. Notwithstanding the trial court's ruling, after an examination of the record, we find that Clark was not prevented from testifying regarding the alleged bias of the prosecution's witnesses. Clark testified that Woodruff, Durham, and Downing were not "friendly with him," and furthermore, that he was "afraid" of them. The jury heard and considered this testimony and found the prosecution's witnesses more credible. Therefore, we find no merit to this issue.

III. Whether the trial court erred in excluding Clark's testimony regarding his fears of Durham and Woodruff.
¶ 13. Next, Clark argues that the trial court erred in excluding a portion of his testimony. Specifically, Clark claims that the excluded testimony was relevant because it proved his state of mind, i.e., that he was acting in self-defense, at the time of the attack. Clark maintains that since he feared Durham and Woodruff, his attack on Woodruff was justified.
¶ 14. After our examination of the record, we find that Clark was not prevented from testifying about his fear of Durham *196 and Woodruff. Rather, Clark testified regarding such fears on both direct and cross-examination. Clark testified that Durham threatened him and that Woodruff and Downing heard the threats. He also testified that Woodruff cursed him. When Clark was asked, "What was your fear based on?" He responded, "I was going to get hurt."
¶ 15. Furthermore, the prosecution offered evidence regarding Clark's alleged fears of Durham and Woodruff. Joseph Evans, Ted Downing, and Durham were eyewitnesses to the assault and they each testified regarding Clark's state of mind. Each witness testified that no threats were made against Clark before he attacked Woodruff. They also testified that Woodruff was sitting down, smoking a cigarette, and had no weapon on him when Clark stabbed him. Clark's own testimony on cross-examination admitted the same.
¶ 16. Clark simply misstates the trial court's ruling. The trial judge found Clark's testimony admissible but excluded the repetition of such testimony on redirect. Thus, the record proves that Clark did testify regarding who threatened him, what was said, and under what circumstances. The trial judge properly exercised his discretion to either accept or reject the evidence offered and no prejudice resulted. Austin v. State, 784 So.2d 186, 193-94 (¶¶ 23-24) (Miss.2001). We find this issue to lack merit.

IV. Whether the trial court erred in refusing jury instruction D-9.
¶ 17. Finally, Clark argues that the trial court erred in refusing jury instruction D-9, his self-defense instruction. In denying instruction D-9, Clark argues that the jury was not adequately instructed on the prosecution's burden of proof. Specifically, Clark maintains that the jury should have been instructed to acquit him if they found that he acted in self-defense.
¶ 18. The evidence from the view of the party requesting the instruction is reviewed when examining jury instructions refused by the trial court. Splain v. Hines, 609 So.2d 1234, 1239 (Miss.1992). Each party has the right to have his theory of the case presented to the jury by instructions, provided that there is credible evidence that supports that theory. Alley v. Praschak Machine Co., 366 So.2d 661, 665 (Miss.1979).
¶ 19. The lower court enjoys considerable discretion regarding the form and substance of jury instructions. Our principal concern is that the jury was fairly instructed and that it understood both Clark's and the prosecution's theories of the case. Rester v. Lott, 566 So.2d 1266, 1269 (Miss.1990).
¶ 20. Here, we find that the jury was properly and fully instructed as to Clark's self-defense theory by jury instruction S-3. Instruction S-3 read:
The Court instructs the Jury that a person may not use more force that reasonably appears necessary to save his life or protect himself from great bodily harm. The question of whether he was justified in using the weapon is for the determination by the Jury.
The law tolerates no justification and accepts no excuse for an assault with a deadly weapon on the pleas of self defense except that the assault by the defendant on the victim was necessary or apparently so to protect the defendant's own life or his person from great bodily injury and there was immediate danger of such design being accomplished. The danger to life or of great personal injury must be, or being accomplished. The danger to life or of great personal injury must be, or reasonably *197 appears to be, imminent and present at the time the defendant commits the assault with the deadly weapon. The term "apparent" as used in "apparent danger" means such overt, actual demonstration by conduct and acts of a design to take life or do some great personal injury as would make the assault apparently necessary to self-preservation or to escape great bodily harm.
This instruction included each element of self-defense. The instruction also provided that it was the responsibility of the jury to determine whether Clark was justified in using the knife to defend himself.
¶ 21. We have reviewed instruction D-9, requested by Clark and refused by the trial court, and find it to be repetitious of instruction S-3. The trial court is not required to instruct a jury over and over on a principle of law even though some variations are used in different instructions. Groseclose v. State, 440 So.2d 297, 302 (Miss.1983). It is well-settled that all jury instructions are to be read together and if the jury is fully and fairly instructed by other instructions the refusal of any similar instruction does not constitute reversible error. Rester v. Lott, 566 So.2d 1266, 1269 (Miss.1990). Having reviewed the instructions of the trial court to the jury, we find that they accurately and sufficiently guided the jury in their deliberations. Accordingly, this issue is without merit.
¶ 22. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT WITH A WEAPON AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES AND ISHEE, JJ., CONCUR. SOUTHWICK AND ROBERTS, JJ., NOT PARTICIPATING.