KING, C.J.,
for the Court.
¶ 1. A jury in the Circuit Court of Yazoo County convicted Kisha Woods for the aggravated assault of Loretta Collum. The circuit court sentenced Woods to twenty years in the custody of the Mississippi Department of Corrections, with ten years to serve and ten years suspended, a fine of $9,700 to be paid to the Crime Victim’s Compensation Fund, restitution of $5,000 to Collum, court costs of $250, and the actual cost of attorney’s fees. Aggrieved, Woods now appeals her conviction and sentence. She raises the following issues:
I. Whether the circuit court committed reversible error in failing to correctly instruct the jury regarding self-defense.
II. Whether the prosecution committed reversible error in arguing that the jury should convict Woods because she failed to retreat.
III. Whether the circuit court committed reversible error in sustaining the prosecution’s objection to evidence of prior threats by Collum.
¶ 2. This Court finds that the circuit court committed reversible error in failing to instruct the jury on its duty to acquit if it found that Woods acted in self-defense. Accordingly, the judgment of the circuit court is reversed, and this case is remanded for a new trial.
FACTS
¶ 3. On the night of June 16, 2005, the victim, Collum, traveled to the home of Alisha Edwards and her brother, Larry Edwards, in Yazoo City. Bridgette Price and Woods were also at the residence when Collum arrived.
¶ 4. Collum is the ex-wife of Larry. At time of trial, they had been divorced for approximately two years. Woods is Larry’s ex-girlfriend and the mother of his child. Their relationships with Larry were a source of friction between Collum and Woods. According to Alisha, Collum called prior to coming over to determine if either Woods or Alisha’s mother was at the house. There was testimony that suggested that if Mrs. Edwards, Alisha’s mother, had been present, Collum would have refrained from instigating an incident with Woods.
¶ 5. Upon entering the Edwardses’ home, Collum and Woods got into an argument. At some point during the argument, Collum suggested to Woods, who was five-months pregnant, that the two of them go outside and resolve their differences, presumably by combat. Alisha then approached Collum and asked that she accompany her outside. After being outside, Collum calmed down and stated to Alisha that she was through with the matter.
¶ 6. When Collum came back into the house, Woods was not in the room. Col-lum sat on the couch and reached for Alisha’s baby. While Collum was sitting on the couch, Woods emerged from the hallway and attacked her. Witnesses said Woods fell on Collum and stabbed her in the wrist with a knife. However, the police recovered no knife at the scene of the crime.
¶ 7. Woods denied being the aggressor and denied having stabbed Collum. Woods claimed that Collum advanced upon her, making it necessary that she defend herself. Woods stated that she did not have a knife. She claimed that she picked up an object from the television to defend *102 herself. All of the witnesses to this altercation stated that Collum was unarmed.
¶ 8. Collum suffered severe damage to her wrist and was rushed to the hospital where she underwent surgery to repair the damage. Collum’s damage included a cut vein, a cut artery, and a cut tendon. These injuries required multiple surgeries and therapy. Collum testified that while she was able to use her hand, it continued to give her problems.
¶ 9. The grand jury indicted Woods for aggravated assault. After a one-day trial, the jury convicted Woods of aggravated assault. Thereafter, the circuit court sentenced Woods to twenty years in the custody of the Mississippi Department of Corrections, with ten years suspended and ten years to serve.
STANDARD OF REVIEW
¶ 10. Our standard of review for the grant or denial of jury instructions is as follows:
Jury instructions are to be read together and taken as a whole with no one instruction taken out of context. A defendant is entitled to have jury instructions given which present his theory of the case; however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence.
Byrom v. State, 863 So.2d 836, 874 (¶ 129) (Miss.2003) (quoting Heidel v. State, 587 So.2d 835, 842 (Miss.1991)).
ANALYSIS OF THE ISSUES
¶ 11. Woods first takes issue with the circuit court’s instructions to the jury regarding self-defense. She alleges three specific errors with the jury instructions: (1)they shifted the burden to Woods to prove self-defense and failed to require the State to prove the absence of self-defense; (2)they deprived Woods of the right to act on a reasonable belief that Collum intended to kill or cause serious bodily harm; and (3) they did not instruct the jury to acquit if the State failed to negate self-defense.
¶ 12. Woods’s first issue with the jury instructions is without merit because instruction number two informed the jury that the State bore the burden of proof. It stated that the defendant is presumed to be innocent, that the jury must find her guilty beyond a reasonable doubt, and that she is not required to prove her innocence. When read as a whole, the circuit court properly instructed the jury on the State’s burden of proving self-defense.
¶ 13. Woods’s second issue with the jury instructions is also without merit. The supreme court has held that an instruction similar to instruction number four, quoted below, does not misstate the law on self-defense with regard to the reasonableness of the defendant’s actions. Ellis v. State, 708 So.2d 884, 885-87 (¶¶ 4-9) (Miss.1998). Accordingly, the instruction given in this case was proper in that regard.
¶ 14. Woods’s third issue with the jury instructions, the failure of the self-defense instruction to inform the jury of its duty to acquit, also takes issue with instruction number four, which reads as follows:
The Court instructs the jury that in order to justify an Aggravated Assault on the plea of self-defense in this case, there must be something shown in the conduct of Loretta Collum, the victim, at or about the time of her assault, indicating a present intention to kill Kisha Woods or her unborn child or to do her some great personal injury, and imminent danger of such intention being ac *103 complished. Mere fears or beliefs of Kisha Woods are insufficient. The danger to Kisha Woods from Loretta Col-lum must have been such as to lead a reasonable person under similar circumstances to reasonably believe that some infliction of serious bodily harm was necessary to prevent Loretta Collum from then and there killing Kisha Woods or doing her some great bodily harm.
¶ 15. In Reddix v. State, 731 So.2d 591, 595 (¶¶ 20-21) (Miss.1999), the supreme court found that the model self-defense jury instruction which it had previously formulated “did not sufficiently treat the subject of self-defense.”[1] The supreme court said that:
This instruction while fine for the State, is not sufficient as a neutral self defense instruction. It is couched in prosecuto-rial terms and fails to state that self defense is, in fact, a defense. In other words, the instruction failed to notify the jury it was bound to acquit Reddix if it found that he acted in self defense. Assuming, as we do that juries follow the instructions given to them by the trial court, Collins v. State, 594 So.2d 29, 35 (Miss.1992), this means the jury could not have acquitted Reddix based upon self defense because it was not informed of any law permitting them to do so.
Id. at (¶ 20).
¶ 16. As in Reddix, the issue in the present case is whether the jury knew from the jury instructions that it should acquit Woods if it found she acted in self-defense. See Harris v. State, 861 So.2d 1003, 1014(¶ 21) (Miss.2003). “The problem that Reddix properly highlights is that the long-approved Robinson instruction cannot be the sole reference to self-defense. It is quite simply a definition. What the jury is to do with that definition must be provided with additional language.” Johnson v. State, 749 So.2d 369, 373(¶ 15) (Miss.Ct.App.1999). Similar to the instruction in Reddix, instruction number four in the present case did not instruct the jury to acquit if it found that Woods acted in self-defense.
¶ 17. Nevertheless, when this Court reviews a challenge to jury instructions, it will read the instructions as a whole. Montana v. State, 822 So.2d 954, 958(¶ 10) (Miss.2002). If the instructions so read fairly announce the law and create no injustice, this Court will find no reversible error. Id. Thus, the failure of the self-defense instruction to inform the jury of its duty to acquit if it found the defendant acted in self-defense is harmless “if another instruction supplied the missing requirements.” Harris, 861 So.2d at 1014(¶ 21) (citing Williams v. State, 803 So.2d 1159, 1161(¶ 7) (Miss.2001)).
¶ 18. In Montana and Williams, the supreme court found that an instruction requiring the jury to find, as an element of the crime, that the act was not done in self-defense was sufficient to cure a deficient self-defense instruction. Montana, 822 So.2d at 959(¶ 15); Williams, *104 803 So.2d at 1162(¶ 11) (Williams I). Unfortunately, as Woods points out, no such instruction was given to the jury. The instruction explaining the elements of aggravated assault, instruction number six, merely sets forth the statutory requirements for the crime and does not require the jury to find that Woods did not act in self-defense. Further, there were no other instructions given that informed the jury of its duty to acquit if it found that Woods acted in self-defense.
¶ 19. The State argues that because Woods did not object to the jury instructions, she is procedurally barred from arguing this issue on appeal. However, Woods did not need to object to the denial of an instruction she proposed. The supreme court has found that an issue involving the denial of a requested jury instruction:
is procedurally preserved by the mere tendering of the instructions, suggesting that they are correct and asking the Court to submit them to the jury. This in and of itself affords counsel opposite fair notice of the party’s position and the Court an opportunity to pass upon the matter. When the instructions are refused, there is no reason why we should thereafter require an objection to the refusal unless we are to place a value upon redundancy and nonsense.
Duplantis v. State, 708 So.2d 1327, 1339-40(¶ 52) (Miss.1998) (quoting Carmichael v. Agur Realty Co., 574 So.2d 603, 613 (Miss.1990)). Woods presented a jury instruction containing the language she now argues in favor of, which the circuit court denied.
¶20. The jury instruction offered by Woods and denied by the circuit court is almost identical to the model Robinson instruction, with the additional language informing the jury of its duty to acquit if it found that Woods acted in self-defense:
The Court instructs the jury that to make an assault justifiable on the grounds of self-defense, the danger to Kisha Woods and/or her unborn child must either be actual, present and urgent, or the defendant must have reasonable grounds to believe that Ms. Collum intended to do her and/or her unborn child some great bodily harm, and in addition to this, Ms. Woods must have reasonable grounds to believe that there is imminent danger of such act being accomplished. It is for the jury to determine the reasonableness of the grounds on which the defendant acts. If you, the jury unanimously find that Kisha Woods acted in self-defense, then it is your sworn duty to return a verdict in favor of the defendant.
Woods offered this instruction at trial, and the circuit court refused to give it. Thus, this issue is not procedurally barred from review by this Court.
¶ 21. The State cites to Ellis, 708 So.2d at 885-86 (¶¶ 4-7) and Williams v. State, 749 So.2d 159, 164-65(¶29) (Miss.Ct.App.1999) (Williams II), in support of its argument that the jury was properly instructed on the law of self-defense. The supreme court in Ellis approved of an instruction similar to the one given in the present case, but the opinion did not address whether the jury was properly instructed on its duty to acquit. Ellis, 708 So.2d at 885-87 (¶¶ 4-9). Similarly, the supreme court did not address that issue in Williams II. Williams II, 749 So.2d at 164-65 (¶¶ 29-31). Neither Ellis nor Williams II have any relevance as to whether the jury knew it had a duty to acquit Woods if it found she acted in self-defense; therefore, they are distinguishable.
¶ 22. The State also cites to Clark v. State, 928 So.2d 192, 196-97 (¶¶ 17-21) (Miss.Ct.App.2006). In Clark, this Court found that, when read together with the *105 other instructions, the following jury instruction was acceptable and properly instructed the jury on self-defense:
The Court instructs the Jury that a person may not use more force that reasonably appears necessary to save his life or protect himself from great bodily harm. The question of whether he was justified in using the weapon is for the determination by the Jury.
The law tolerates no justification and accepts no excuse for an assault with a deadly weapon on the pleas of self defense except that the assault by the defendant on the victim was necessary or apparently so to protect the defendant’s own life or his person from great bodily injury and there was immediate danger of such design being accomplished. The danger to life or of great personal injury must be, or being accomplished. The danger to life or of great personal injury must be, or reasonably appears to be, imminent and present at the time the defendant commits the assault with the deadly weapon. The term “apparent” as used in “apparent danger” means such overt, actual demonstration by conduct and acts of a design to take life or do some great personal injury as would make the assault apparently necessary to self-preservation or to escape great bodily harm.
Id. at (¶ 20).
¶ 23. The State argues that Clark stands for the proposition that there is no need for an instruction specifically stating that the jury has a duty to acquit if it finds self-defense. While there may be no need for a single instruction that merely states that duty, Reddix makes it clear that the instructions, read as a whole, must inform the jury of that duty. Reddix, 731 So.2d at 595(¶ 20). Clark does not refute the need for the jury to be so informed, nor could it. Instead, it must stand for the same proposition as Williams and Montana, that whether the jury was properly instructed on self-defense must be examined from the entirety of the jury instructions.
¶ 24. In conclusion, Woods’s first and second issues with the jury instructions are without merit. The jury instructions sufficiently defined self-defense, but they did not inform the jury as to what it should do if it found self-defense. The remaining instructions properly instructed the jury that the State had the burden of proof. The relevant issue is whether the jury knew, after reading the jury instructions as a whole, that it was bound to acquit Woods if it found she acted in self-defense in assaulting Collum. There was no explicit instruction given to the jury that informed it of such a duty. Furthermore, none of the remaining instructions suggests that the jury should acquit Woods if it found she acted in self-defense. Without such an instruction, Reddix requires reversal.
¶ 25. We find that Woods’s conviction and sentence require reversal for failure to properly instruct the jury on its duty to acquit Woods if it found that she acted in self-defense. We remand this case to the circuit court for a new trial consistent with this opinion.
¶ 26. THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR A NEW TRIAL CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YAZOO COUNTY.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. In Robinson v. State, 434 So.2d 206 (Miss.1983), the supreme court suggested a model self-defense instruction:
The court instructs the jury that to make a killing justifiable on the grounds of self-defense, the danger to the defendant must be either actual, present and urgent, or the defendant must have reasonable grounds to apprehend a design on the part of the victim to kill him or to do him some great bodily harm, and in addition to this he must have reasonable grounds to apprehend that there is imminent danger of such design being accomplished. It is for the jury to determine the reasonableness of the ground upon which the defendant acts.
Id. at 207, overruled by Flowers v. State, 473 So.2d 164, 165-66 (Miss.1985) (holding that the model jury instruction set out in Robinson was not a proper statement of law).